**UNITED STATES of America**

v.

**Alif BASS, Appellant.**

No. 08–3178.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 30, 2009.

Filed: Oct. 28, 2009.

George S. Leone, Esq., Caroline A. Sadlowski, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Thomas R. Ashley, Esq., Ashley & Charles, Newark, NJ, for Appellant.

Alif Bass, Brooklyn, NY, pro se.

Before: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Alif Bass appeals from the District Court's judgment of sentence. We will affirm.

## I.

On December 19, 2007, 2007 WL 4389887, Bass pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He entered into a plea agreement with the Government, stipulating that the 2005 Sentencing Guidelines ("U.S.S.G.") applied and that his total offense level was 23. *See* Supplemental Appendix ("Supp.App.") at 12. The Probation Office ("Probation") prepared a Pre–Sentence Report ("PSR") using the 2005 Guidelines. Probation computed Bass's criminal history score to be 20, putting him in criminal history category VI. *See* PSR ¶ 55.

In applying the Guidelines, Probation added three points to Bass's criminal history score "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a) (2005). But, the Guidelines provide that only "unrelated" prior sentences are to be counted separately. § 4A1.2(a)(2) (2005). Probation determined that four of Bass's prior sentences, though all imposed on the same day, April 12, 2004, were "unrelated" and assessed him 12 criminal history points on this basis. Probation assessed three more criminal history points based upon another prior sentence, this one imposed July 12, 2004. PSR ¶¶ 51–52. Other factors not at issue in this appeal generated a total criminal history score of 20, and a corresponding criminal history category of VI. Bass filed some objections to the PSR, but prior to sentencing he disclaimed those that "pertain[ed] . . . to his Criminal History Category being over represented." Supp. App. at 37.

On July 14, 2008, the District Court held a sentencing hearing. It accepted the parties' stipulation regarding Bass's total offense level. It also adopted Probation's calculation of Bass's criminal history score and category as set forth in the PSR. *See* Judgment and Commitment Order, Statement of Reasons (Not for Public Disclosure). The court then imposed a term of imprisonment within the range associated with a total offense level of 23 and a criminal history category of VI.

Bass then filed this appeal, arguing that his criminal history score was miscalculated. Specifically, Bass contends that the District Court erred in counting his four April 12, 2004 sentences separately and, therefore, that he is entitled to a nine-point criminal history score reduction on that basis. He also argues that the District Court erred in attributing the July 12, 2004 prior conviction and sentence to him—because his twin brother Ali, not he, committed that crime and served that sentence—and therefore that he is entitled to a (separate) three-point reduction on that basis.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to § 3742(a).

We engage in plain error review of the District Court's ruling that Bass's prior sentences were not "related" within the meaning of § 4A1.2(a)(2), because Bass failed to make this argument to the District Court. *See United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We engage in plain error review of the District Court's decision to count the July 12, 2004 sentence (which Bass contends is attributable to his twin brother Ali) as a prior sentence within the meaning of § 4A1.1(a), as well, for the same reason. *See id.*

## III.

### A.

Bass advances multiple arguments as to why the District Court should have treated

his prior convictions as "related" within the meaning of § 4A1.2(a)(2). First, he argues that the District Court misapplied the 2005 Guidelines. Bass is mistaken. Application Note 3 to that provision in the 2005 Guidelines explains: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)....." § 4A1.2, cmt. n. 3 (2005).

The four sentences imposed on April 12, 2004 were for offenses separated by an intervening arrest. Bass was arrested for the first offense (attempted theft) on December 25, 2000, Pre–Sentence Report ("PSR") ¶¶ 42–43, prior to committing the second offense (possession with intent to distribute a controlled dangerous substance within 1,000 feet of a school) on April 4, 2001, PSR ¶¶ 44–45. Bass was arrested for this second offense on that same day, April 4, 2001, PSR ¶¶ 44–45, prior to committing the third offense (possession of crack cocaine) on June 10, 2001, PSR ¶¶ 47–48. Bass was arrested for this third offense on that same day, June 10, 2001, PSR ¶¶ 47–48, prior to committing the fourth offense (receipt of stolen property) on October 21, 2001, PSR ¶¶ 49–50.

Second, Bass argues that the District Court should have applied the 2008 Guidelines, and that those Guidelines prevent the District Court from counting the four April 12, 2004 sentences separately (even if the 2005 Guidelines do not). We note at the outset that Bass stipulated at sentencing that the 2005 Guidelines (and not the 2008 Guidelines) applied. But regardless,

Bass is incorrect on the merits. The 2008 Guidelines, like the 2005 Guidelines, provide that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)....." § 4A1.2(a)(2) (2008). Therefore, under the 2008 Guidelines, Bass's April 12, 2004 convictions still count separately.[1]

Thus, in deciding to count Bass's four April 12, 2004 sentences separately, the District Court committed no error, much less plain error.

### B.

Bass also argues that the District Court should not have considered the prior sentence imposed on July 12, 2004 because that sentence and the conviction underlying it were his brother Ali's, not his. Even if this were true, and Bass's criminal history score were thereby reduced from 20 to 17, he still would be in criminal history category VI and therefore would be subject to the same Guidelines range as the one the District Court determined (under the 2005 Guidelines and even under the 2008 Guidelines). Therefore, we need not consider whether attributing this conviction and sentence to Bass was error.

### IV.

For the above reasons, we will affirm the District Court's judgment of sentence.

---

1. Bass further argues that even if the 2008 Guidelines did not apply as a technical matter, the District Court should have considered them in the total mix of sentencing factors as evidence of the Sentencing Commission's "'current thinking'" on the subject of separate prior sentences and concluded that Bass's April 12, 2004 convictions and sen-

tences should not count separately. *See* Bass Br. 19 (quoting *United States v. Godin*, 522 F.3d 133, 136 (1st Cir.2008)). Because, as we have explained, the Commission's "current thinking" appears to be substantively identical in all relevant respects to its 2005 thinking, we reject this argument.