FILED
United States Court of Appeals
Tenth Circuit

October 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OMAR GUADALUPE RAMIREZ-
VAZQUEZ,

Defendant-Appellant.

No. 07-2074

(D. of N.M.)

(D.C. No. CR-06-1838-BB)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Omar Guadalupe Ramirez-Vazquez pleaded guilty to illegal reentry after

deportation subsequent to an aggravated felony conviction in violation of 8

U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). Based on an offense level of 21 and a

criminal history of III, Ramirez-Vazquez fell within a sentence range of 46–57

months pursuant to the United States Sentencing Guidelines. Ramirez-Vazquez

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

requested a downward variance, arguing the circumstances of his prior conviction did not warrant as high a sentence as the Guidelines suggested. The district court denied the request and sentenced Ramirez-Vazquez to a guidelines term of 46 months. Ramirez-Vazquez timely appealed the procedural and substantive reasonableness of his sentence. We AFFIRM.

## I. Background

A grand jury indicted Ramirez-Vazquez for illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He pleaded guilty, and prior to sentencing, the government's Presentence Report (PSR) related the following: On August 9, 2004, an Oklahoma state court convicted Ramirez-Vazquez of assault and battery with a dangerous weapon and sentenced him to two years. On July 28, 2005, after serving his sentence, Ramirez-Vazquez was deported to Mexico. A year later, on July 10, 2006, after illegal reentry, he was again arrested in the United States.

The PSR calculated a base offense level of eight and a 16-level enhancement for prior deportation subsequent to a conviction for a crime of violence. After a downward adjustment for acceptance of responsibility, the PSR arrived at a total offense level of 21. Based on Ramirez-Vazquez's assault and battery conviction, and because illegal reentry occurred within two years after his release from custody, the PSR calculated a criminal history score of five. A criminal history score of five (category III) and a total offense level of 21 yielded

a guidelines imprisonment range of 46–57 months. Under the applicable statute, 8 U.S.C. § 1326(b)(2), the maximum term of imprisonment for Ramirez-Vazquez's offense is 20 years.

Before sentencing, Ramirez-Vazquez filed a sentencing memorandum requesting a downward variance. Ramirez-Vazquez reasoned a downward variance would be proper because his earlier assault and battery—where he had threatened another person with a machete—occurred strictly in self-defense. At sentencing, Ramirez-Vazquez repeated the argument that, in the totality of the 18 U.S.C. § 3553(a) factors, he deserved a downward variance because of "the circumstances of the prior offense, that he was not an instigator, [that] this was self-defense. And . . . it's the retaliator who tends to get caught." Aplt. Br., Attach. B at 7. Both in its response to Ramirez-Vazquez's sentencing memorandum and at sentencing, the government objected to a downward variance, arguing the guidelines range was not unreasonable under the § 3553(a) factors. The district court denied Ramirez-Vazquez's request for a variance and sentenced him to 46 months incarceration, within the suggested guidelines range.

## II. Analysis

Ramirez-Vazquez mounts a procedural and a substantive challenge to his guidelines sentence. Neither is persuasive.

A.      *Procedural Reasonableness*

Ramirez-Vazquez argues the district court failed to adequately explain the imposed sentence. Because Ramirez-Vazquez did not raise this argument at sentencing, we review only for plain error. *See United States v. Traxler*, 477 F.3d 1243, 1250 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

Recently, the Supreme Court has emphasized the district court's duty to show it has considered the sentencing factors set forth in 18 U.S.C. § 3553(a) in reaching the sentence imposed. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). But the Court also made clear that a district judge is not required to give an exhaustive list of reasons. *Id.* ("The law leaves much, in this respect, to the judge's own professional judgment.").

The district court here did more than enough to establish Ramirez-Vazquez's sentence as procedurally reasonable. The court specifically stated, "I don't think there is anything in [§] 3553 that persuades me the lower end of the

guidelines is not appropriate." Aplt. Br., Attach. B. at 14. Moreover, the district court squarely addressed Ramirez-Vazquez's key argument for a variance by saying, "I'm not really persuaded this is an offense that would be outside of the normal violent offense. He obviously did not hurt anyone, *although that potential was certainly there with a machete*." *Id.* at 13 (emphasis added). The district court's explanation is a far cry from a case where a judge has completely ignored the defendant's non-frivolous arguments. *Cf. United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117–18 (10th Cir. 2006) (remanding for resentencing and instructing the district court to address the defendant's "not clearly meritless" argument). The district court judge met Ramirez-Vazquez's argument head on, thus committing no error, plain or otherwise.

B.      *Substantive Reasonableness*

Ramirez-Vazquez also challenges the substantive reasonableness of his sentence. We review the district court's sentence for reasonableness in light of the § 3553(a) sentencing factors. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). The district court has significant discretion in sentencing, and our review for reasonableness, regardless of whether the sentence falls inside or outside the advisory Guidelines, is a review for abuse of discretion. *Rita*, 127 S. Ct. at 2456; *see also United States v. Garcia-Lara*, No. 06-3054, 2007 WL 2380991, at *2 (10th Cir. Aug. 22, 2007).

In this case, the district court sentenced Ramirez-Vazquez within the guidelines range and Ramirez-Vazquez does not claim the range itself was improperly calculated. The binding precedent in our court is that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054; *see also Rita*, 127 S. Ct. at 2459 (holding that the presumption is permissible but not required). Nevertheless, the presumption of reasonableness "is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Kristl*, 437 F.3d at 1054.

We cannot find an abuse of discretion in the district court's sentencing of Ramirez-Vazquez within the guidelines range. The district court considered all the same arguments Ramirez-Vazquez presents on appeal and rejected them, noticeably troubled that a 25-year old defendant already "has that relatively serious offense in Oklahoma, and has reentered this country." Aplt. Br., Attach. B at 14. Moreover, the mere fact that a lower sentence also may have been reasonable does not prove the unreasonableness of Ramirez-Vazquez's sentence. *See United States v. Begay*, 470 F.3d 964, 975 (10th Cir. 2006) ("In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range."), *cert. granted in part*, No. 06-11543, 2007 WL 1579420 (Sept. 25, 2007). Ramirez-Vazquez failed to rebut the

-6-

reasonableness of his within-guidelines sentence. We cannot, therefore, say that the district court abused its discretion in sentencing Ramirez-Vazquez.

### III. Conclusion

For the foregoing reasons, the district court's sentence is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge