FILED
United States Court of Appeals
Tenth Circuit

January 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICARDO ARELLANO-SANDOVAL,
and JAVIER ARELLANO-
SANDOVAL,

Defendants-Appellants.

Nos. 11-2023; 11-2031
(D.C. Nos. 2:10-CR-02574-JAP-2;
2:10-CR-02574-JAP-1)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

Brothers Ricardo and Javier Arellano-Sandoval both pleaded guilty to one

count of conspiracy to possess with intent to distribute marijuana, in violation of

21 U.S.C. § 841(a)(1), (b)(1)(D), and one count of illegal reentry of a removed

alien, in violation of 8 U.S.C. § 1326(a), (b). Because the district court found

that Messrs. Arellano-Sandoval had each previously been convicted of a crime of

violence, the district court applied a sixteen-level sentencing enhancement

pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 2L1.2, and imposed on

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

each of them a sentence of forty-one months, the bottom of the Guidelines range. On appeal, Messrs. Arellano-Sandoval challenge whether their prior convictions qualify as crimes of violence under U.S.S.G. § 2L1.2, and Ricardo Arellano-Sandoval also contests whether his sentence was substantively reasonable. For the reasons that follow, we affirm both sentences.

## I

Messrs. Arellano-Sandoval were among three people encountered and questioned by United States Border Patrol agents in New Mexico. The agents were investigating footprints near a highway when they found burlap backpacks containing a green, leafy substance. Nearby, they noticed Messrs. Arellano-Sandoval lying on the ground in an attempt to conceal themselves. The agents approached Messrs. Arellano-Sandoval and questioned them regarding their citizenship. They admitted to being citizens of Mexico and being in the United States illegally. Immigration records later revealed that they had both been previously deported and had never applied for re-admission to the United States.

Subsequently, Messrs. Arellano-Sandoval were charged with and pleaded guilty to conspiracy to possess with intent to distribute marijuana and illegal reentry. Each man's Presentence Investigation Report ("PSR") recommended a sixteen-level increase to the applicable offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because each had a previous conviction for a crime of violence—namely, aggravated assault with a deadly weapon, in violation of Texas

2

Penal Code § 22.02.[1]

Specifically, as to the offense at issue, Messrs. Arellano-Sandoval had pleaded guilty in 2006 to aggravated assault with a deadly weapon, in violation of Texas Penal Code § 22.02. They were each sentenced to four years' imprisonment. The facts underlying their convictions are as follows: Ricardo Arellano-Sandoval was at his girlfriend's apartment when her ex-boyfriend entered the apartment by crawling through her bedroom window. The ex-boyfriend attacked Ricardo Arellano-Sandoval. Ricardo Arellano-Sandoval asked the ex-boyfriend to stop hitting him, which he did. Ricardo Arellano-Sandoval then left the apartment. He returned later with Javier Arellano-Sandoval and a cousin, and together, the three men used weapons to assault the ex-boyfriend.

The PSRs stated that "[i]n assessing whether the aforementioned conviction for Aggravated Assault with a Deadly Weapon warranted a sixteen level increase, the categorical approach was utilized . . . comparing the similarities of the elements of the crime between the statu[t]e of conviction and the Model Penal Code definition." R., Vol. II, ¶ 24, at 6 (Ricardo Arellano-Sandoval PSR, disclosed Oct. 19, 2010); *accord id.*, ¶ 24, at 22 (Javier Arellano-Sandoval PSR, disclosed Oct. 19, 2010). The PSRs further stated that "[a]fter review, the

---

[1]     The Probation Office used the 2009 edition of the U.S.S.G. in preparing the PSR. The parties have not contested the applicability of that edition on appeal. Accordingly, in conducting our analysis, we also use the 2009 edition.

3

predicate offense is an *enumerated* offense [under U.S.S.G. § 2L1.2, comment note 1(B)(iii)], as Aggravated Assault in the State of Texas and generic Aggravated Assault have similar elements." *Id.*, ¶ 24, at 6 (emphasis added); *accord id.*, ¶ 24, at 23. Each man's PSR recommended an advisory Guidelines sentencing range of forty-one to fifty-one months' imprisonment. *See id.* at 11, 27.

Ricardo Arellano-Sandoval filed a sentencing memorandum in which he requested a downward variance on the grounds that the "serious and highly provoking violent act by the jealous ex-boyfriend mitigates the seriousness of Mr. [Arellano-Sandoval's] later retaliation against his assailant." *Id.*, Vol. I., at 26 (Mot. & Mem. for Downward Departure or Variance in Offense Level & Objection to PSR, filed Dec. 1, 2010). He also averred, in a single paragraph citing no authority, that because the Texas statute under which he was convicted allows for conviction with a "mental state of recklessness rather than intention," the sixteen-level crime of violence enhancement should not be imposed. *See id.* at 26–27.

Javier Arellano-Sandoval filed an objection to the PSR. He argued that the sixteen-level crime of violence enhancement should not apply because his prior conviction for aggravated assault does not constitute a crime of violence under *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008). *See* R., Vol. I, at 41–43 (Am. Objections to the PSR, filed Dec. 2, 2010).

4

At Javier Arellano-Sandoval's sentencing hearing,[2] the district court imposed the sixteen-level increase because it agreed with the government's argument that *Zuniga-Soto* is "wholly irrelevant." *Id.*, Vol. III, at 44–45 (Javier Arellano-Sandoval Sentencing Hr'g, held Jan. 20, 2011). Unlike in *Zuniga-Soto*—which concerned whether a particular crime qualified as a "crime of violence" under U.S.S.G. § 2L1.2, comment note 1(B)(iii)'s generic, crime of violence definition—"[h]ere, we have an *enumerated offense*, aggravated assault." *Id.* at 44 (emphasis added).

## II

We turn first to Messrs. Arellano-Sandoval's challenges to the crime of violence enhancement.

## A

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a sentencing court must increase a defendant's offense level by sixteen levels "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." The application note to U.S.S.G. § 2L1.2(b)(1) defines "crime of violence" as:

> [M]urder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension

---

[2] Although Ricardo Arellano-Sandoval originally contested the sixteen-level crime of violence enhancement in his sentencing memorandum, he did not object to the enhancement at his sentencing hearing. *See* R., Vol. III, at 15 (Ricardo Arellano-Sandoval Sentencing Hr'g, held Jan. 21, 2011).

> of credit, burglary of a dwelling, *or* any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (emphases added). "This definition is disjunctive." *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009). "A felony conviction qualifies as a crime of violence if either (1) the defendant was convicted of one of the twelve enumerated offenses; *or* (2) the use, attempted use, or threatened use of physical force was an element of the offense." *Id.* (emphasis added); *see United States v. Reyes-Alfonso*, 653 F.3d 1137, 1141 (10th Cir. 2011) (explaining that there are two ways a previous felony conviction can be a crime of violence under U.S.S.G. § 2L1.2: if it qualifies as an enumerated offense *or* if it fits under the generic definition); *Zuniga-Soto*, 527 F.3d at 1115 (same).

"Whether a prior offense is a 'crime of violence' under U.S.S.G. § 2L1.2(b) is a question of law that we . . . review de novo." *Reyes-Alfonso*, 653 F.3d at 1141 (alteration in original) (quoting *Rivera-Oros*, 590 F.3d at 1125) (internal quotation marks omitted).

## B

Turning first to Ricardo Arellano-Sandoval, he asks us to find that the application of the crime of violence enhancement was plain error, acknowledging that he did not object to the enhancement before the district court at sentencing.

6

To prevail under plain-error review he must show: "(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if [4] it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012) (alteration in original) (quoting *United States v. Cooper*, 654 F.3d 1104, 1117 (10th Cir. 2011)) (internal quotation marks omitted). Because Ricardo Arellano-Sandoval has not shown that the district court erred in applying the enhancement, and thus cannot satisfy the first prong of the plain-error test, we need not reach the other prongs of the test.

In Ricardo Arellano-Sandoval's opening brief before this court he cites only one case: *Zuniga-Soto*. In *Zuniga-Soto*, "[t]he district court did not find, and the government [did] not argue[], that [the defendant's] prior offense could be properly characterized as one of the [enumerated] offenses" in U.S.S.G. § 2L1.2, comment note 1(B)(iii). 527 F.3d at 1115. Therefore, our "sole task" was to determine whether the defendant's prior felony conviction qualified as a crime of violence under U.S.S.G. § 2L1.2, comment note 1(B)(iii)'s generic, crime of violence definition. *Id.* However, *Zuniga-Soto*'s analysis is inapposite here, as the district court determined that Messrs. Arellano-Sandoval had been convicted of one of the twelve enumerated offenses—namely, aggravated assault.

As we explained in *Zuniga-Soto*, "a felony automatically qualifies [as a

7

crime of violence] if it is one of twelve enumerated offenses." *Id.* Ricardo

Arellano-Sandoval admittedly made no argument in his opening brief before this

court that his prior conviction—aggravated assault in violation of Texas Penal

Code § 22.02—is not properly considered one of the twelve enumerated offenses.

*See* Oral Arg. at 11:47–12:33; *id.* at 13:18–14:20. Although he attempted to

advance such an argument in his reply brief and at oral argument, any argument

not advanced in his opening brief is waived.[3] *See Cooper*, 654 F.3d at 1128 ("It

---

[3] Ricardo Arellano-Sandoval submitted supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j), arguing that *United States v. Duran*, 696 F.3d 1089 (10th Cir. 2012), supports his position in this case. In *Duran*, applying the modified categorical approach, *see id.* at 1092–93, we concluded that the defendant's conviction for aggravated assault under Texas Penal Code § 22.02 was not a crime of violence under U.S.S.G. § 4B1.2(a) because it "could be committed with a reckless state of mind," *id.* at 1095. At issue in *Duran* was language of § 4B1.2(a)'s so-called "residual clause" that designates as a "crime of violence" certain felonies that "involve[] conduct that presents a serious potential risk of physical injury to another." *Id.* at 1091–92 (quoting U.S.S.G. § 4B1.2(a)) (internal quotation marks omitted). Notably, this language does not even appear in U.S.S.G. § 2L1.2's crime of violence definition. To the extent that Ricardo Arellano-Sandoval relies on *Duran* to advance his opening brief's argument pertaining to *Zuniga-Soto* and U.S.S.G. § 2L1.2's *generic*, crime of violence definition, this reliance is unavailing. As we have noted, this argument is inapposite to our assessment of the district court's application of U.S.S.G. § 2L1.2's crime of violence enhancement because the court based its application of this enhancement on the unchallenged finding that Ricardo Arellano-Sandoval's conviction under Texas Penal Code § 22.02 qualified as a crime of violence, since it equates to a Guidelines *enumerated offense*—that is, "aggravated assault" under U.S.S.G. § 2L1.2, comment note 1(B)(iii). Furthermore, even if *Duran* provides support for Ricardo Arellano-Sandoval's late-blooming position that his Texas conviction does not in fact constitute a Guidelines enumerated offense of "aggravated assault," Ricardo Arellano-Sandoval has waived any such argument by not raising it in his opening

(continued...)

8

is well-settled that '[a]rguments inadequately briefed in the opening brief are waived.'" (alteration in original) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998))); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Turning next to Javier Arellano-Sandoval, he too relies on *Zuniga-Soto* to contest the applicability of the crime of violence enhancement. Although he does go further than simply relying on *Zuniga-Soto*—also citing, *inter alia*, *Leocal v. Ashcroft*, 543 U.S. 1 (2004)—his *only* line of argument relates to whether his aggravated assault conviction constitutes a crime of violence under U.S.S.G. § 2L1.2's generic definition. As stated above, this argument misses the mark, since the district court increased Javier Arellano-Sandoval's offense level because aggravated assault is an enumerated offense under U.S.S.G. § 2L1.2.

Javier Arellano-Sandoval admittedly made no argument before the district court or before this court that aggravated assault in violation of Texas Penal Code § 22.02 is not properly considered the Guidelines enumerated crime of aggravated assault. *See* Oral Arg. at 3:03–4:08; *id.* at 9:08–10:34. To the extent that he attempted to make this argument for the first time at oral argument, *see id.* at 5:19–5:31 ("[A]n enumerated offense of aggravated assault is not necessarily a

---

3       (...continued)
brief.

9

crime of violence. Then, in that case, the court can . . . use the modified categorical approach and look to the statute of conviction."), as was the case for Ricardo Arellano-Sandoval, the argument is waived. *See Cooper*, 654 F.3d at 1128; *Bronson*, 500 F.3d at 1104.

We decline to construct arguments for Messrs. Arellano-Sandoval, or to entertain arguments first advanced in a reply brief or at oral argument, that aggravated assault in violation of Texas Penal Code § 22.02 is not the enumerated offense of "aggravated assault" under the Guidelines. We need not determine whether aggravated assault in violation of Texas Penal Code § 22.02 is a crime of violence because it "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 2L1.2, cmt. n.1(B)(iii), as the district court did not apply the crime of violence enhancement on that basis. Instead, the district court found that aggravated assault under Texas Penal Code § 22.02 constituted the enumerated offense of "aggravated assault" under the Guidelines, and this determination goes unchallenged by Messrs. Arellano-Sandoval on appeal.

We may affirm on the basis of this unchallenged finding alone, as it is sufficient to support the application of the crime of violence enhancement regardless of whether their aggravated assault convictions otherwise qualify as crimes of violence. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) (holding that because there was an "unchallenged . . . sufficient basis" for

10

affirming the district court's decision, the appellant's "success on appeal is foreclosed—regardless of the merit of his [other] arguments"); *see also Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling."); *Metzger v. UNUM Life Ins. Co.*, 476 F.3d 1161, 1168 (10th Cir. 2007) (affirming the district court's grant of summary judgment because the appellant failed to challenge an "independent ground" for affirmance).

## III

We now turn to the substantive reasonableness of Ricardo Arellano-Sandoval's sentence.

## A

We review a criminal sentence for substantive reasonableness under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010). "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012) (alteration in original) (quoting *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008)) (internal quotation marks omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious,

11

whimsical, or manifestly unreasonable." *Id.* (quoting *Lewis*, 594 F.3d at 1277) (internal quotation marks omitted).

**B**

Ricardo Arellano-Sandoval argues that his sentence is substantively unreasonable because the district court failed to reduce his sentence based on his argument that he was the initial victim of the fracas that led to the charged aggravated assault. More specifically, Ricardo Arellano-Sandoval contends that "[a]bsent th[at] initial attack [against him], there would've been no incident resulting in an assault conviction." Ricardo Arellano-Sandoval Reply Br. at 3. However, as the government correctly points out, it was not as if Ricardo Arellano-Sandoval assaulted his victim in immediate retaliation. Instead, Ricardo Arellano-Sandoval "was able to get the victim to stop, gather his belongings, and leave the apartment. . . . Ricardo [then] returned to the apartment, bringing two other men with him, and assaulted the victim with a deadly weapon." Aplee. Br. at 32 (citations omitted).

The district court considered Ricardo Arellano-Sandoval's PSR, sentencing memorandum, criminal history, stated reason for reentering the United States unlawfully, family situation, the quantity of marijuana involved in his crime, and the § 3553(a) factors. It then sentenced Ricardo Arellano-Sandoval at the low end of the Guidelines range.

A within-Guidelines sentence is presumptively reasonable, but that

12

presumption is rebuttable if "either the defendant or the government . . . demonstrat[es] that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam); *see United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) ("[A] within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal."). Here, Ricardo Arellano-Sandoval has not rebutted the presumption by demonstrating that his sentence is unreasonable.[4] Because he has not done so, we conclude that the district court's decision does not fall "outside the range of rationally permissible choices before it." *United States v. Vasquez-Alcarez*, 647 F.3d 973, 978 (10th Cir. 2011) (quoting *United States v. Chavez-Suarez*, 597 F.3d 1137, 1139 (10th Cir. 2010)) (internal quotation marks omitted). Thus, our determination ineluctably follows that Ricardo Arellano-Sandoval's sentence is not substantively unreasonable.

## IV

We **AFFIRM** Javier Arellano-Sandoval's sentence because the district court's determination that aggravated assault in violation of Texas Penal Code § 22.02 qualifies as a crime of violence as an enumerated offense under U.S.S.G.

---

[4] A panel of this court rejected a similar challenge to the substantive reasonableness of a sentence in *United States v. Ramirez-Vazquez*, 252 F. App'x 870 (10th Cir. 2007). In that case, Mr. Ramirez-Vazquez requested a downward variance on the grounds that his earlier assault and battery occurred strictly in self-defense. *See id.* at 872. The district court denied Mr. Ramirez-Vazquez's request for a variance and the panel affirmed. *See id.* at 872–73.

§ 2L1.2, comment note 1(B)(iii) stands as unchallenged on appeal. We **AFFIRM** Ricardo Arellano-Sandoval's sentence for the same reason, and also because he has not demonstrated that his sentence is substantively unreasonable.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge