**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Javier PEREZ–TAPIA, Defendant—**
**Appellant.**

**No. 06–50139.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 19, 2007 *.

Re-submitted July 17, 2007 *.

Filed July 19, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark R. Rehe, Esq., Orlando B. Gutierrez, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Javier Perez–Tapia, Kasha K. Pollreisz, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY **, District Judge.

MEMORANDUM ***

Javier Perez–Tapia appeals his sentence following a guilty plea for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326. We affirm.

Perez's California state arson conviction was a "crime of violence" for purposes of applying the 16–level sentencing enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guideline Commentary Notes specifically list "arson" as one of the crimes of violence that trigger the 16–level enhancement. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii). Perez's arson conviction triggers the enhancement as

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

long as the statute under which he was convicted substantially corresponds to the generic definition of arson. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

▪ The California arson statute substantially corresponds to generic arson. Generic arson is defined as "a willful and malicious burning of property." *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1230 (9th Cir.2005). The California arson statute provides that "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property." Cal.Penal Code § 451. Thus, both the California statute· and generic arson criminalize the (1) burning of (2) property with (3) willfulness and malice.

While the California arson statute expressly allows for aiding and abetting liability, that fact does not render the California statute broader than generic arson. Generic crimes also include aiding and abetting liability, *see Gonzales v. Duenas–Alvarez,* —— U.S. ——, ——, 127 S.Ct. 815, 820, 166 L.Ed.2d 683 (2007), and California's version of aiding and abetting liability is not substantially broader than aiding and abetting liability in its generic sense. *Id.* at 821–22.

▪ Perez next argues that the district court erred by making the judicial finding that his deportation occurred subsequent to his felony arson conviction. We recognize that judicial fact-finding constitutes *Apprendi* error. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1097–98 (9th Cir.2006); *United States v. Zepeda–Martinez,* 470 F.3d 909, 912–13 (9th Cir. 2006). All the record evidence indicates that the district court correctly determined that Perez was deported subsequent to his conviction. Perez introduced nothing to support a contrary finding. *See Zepeda–Martinez,* 470 F.3d at 913 (holding that any *Apprendi* error is harmless if "the record contains overwhelming and uncontroverted evidence" supporting the accuracy of the judicial finding).

▪ Perez's final argument that the district court misapplied the sentencing factors of 18 U.S.C. § 3553(a) is inapposite. The district court re-imposed Perez's original sentence upon *Ameline* remand. In such circumstances, we review the sentence to determine "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world." *United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006). The district court explicitly noted that it "could impose a different sentence" after considering "the now advisory nature of the Guidelines and other factors set forth in 18 U.S.C. 3553(a)."

AFFIRMED.