**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GENE L. MUSE, individually and as
Trustee of the GENE L. MUSE
REVOCABLE LIVING TRUST dated
12-17-08,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

No. 13-6266
(D.C. No. 5:12-CV-01227-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **EBEL**, and **PHILLIPS**, Circuit Judges.

Gene L. Muse, individually and on behalf of the Gene L. Muse Revocable

Living Trust dated 12-17-08 (the Trust), claims that the United States wrongfully

levied upon the Trust's bank account to satisfy a tax lien on the assets of Dr. Muse's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

former practice, Northwest Institute of Sports Medicine & Orthopaedic Surgery, PC (Northwest). He appeals from the district court's grant of summary judgment to the United States. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The United States moved for summary judgment on the following facts: Northwest arranged for a certain insurance policy to be issued in connection with an employee welfare benefit plan. Eventually ownership of the policy was transferred to the Muse Family Limited Partnership (the Partnership). After some years, the policy would decline in value if it was not surrendered for the then-applicable surrender value. As the deadline approached, the Partnership (through Dr. Muse as its president) transferred the policy back to Northwest. Immediately, Northwest (also through Dr. Muse) surrendered the policy. The proceeds were placed in Northwest's bank account, which was subject to a tax lien. When Dr. Muse discovered where the proceeds had been deposited, he transferred them in turn to a Northwest retirement plan account and then to the Trust's account, where the United States found them. (Apparently the Trust's account is used for the Partnership.)

In response to the summary-judgment motion, Dr. Muse contended that the transfer to Northwest was in error, as was the deposit of the funds into Northwest's bank account. He conceded that legal title to the policy was transferred to Northwest, but asserted that he and the Partnership had always retained the equitable and beneficial ownership of the policy and therefore of the resulting funds, so that the funds were not properly subject to the tax lien. He also pointed out that he personally

- 2 -

had paid taxes relating to the policy because the Internal Revenue Service (IRS) considered the payments for the benefit plan to be constructive dividends to him. But his memorandum brief mainly addressed the United States' factual allegations; it cited no case law to support the creation of an equitable and beneficial interest or to show that the levy was wrongful. The entire "Argument and Authorities" section of the brief was three paragraphs, with only one addressing the issue of beneficial and equitable ownership. Aplt. App. at 160-61.

> The district court granted summary judgment to the United States, stating:

> [P]laintiff's response identifies no section of law that might afford a basis for avoiding, as to him or his trust, the reach of the levy. . . . [P]laintiff offers only two arguments, both unsupported by citation of authority. He argues that, at some point, he personally paid the IRS to settle tax obligations arising from issues as to the employee benefits transactions, but offers no evidence or argument to explain how any such payment creates equitable ownership or some other circumstance that might warrant protection under the tax laws. He also argues that the money was put into the Northwest account by mistake. However, there is no suggestion that the insurance company did anything other than disburse the money to the policy owner. There is no suggestion that the money was deposited anywhere other than where Northwest instructed.

*Id.* at 181 (footnote omitted).

On appeal, Dr. Muse contends there is a genuine dispute of material fact concerning the equitable and beneficial title to the policy and the funds. He faults the district court for not "indicat[ing] the nature of the property rights of Northwest and Plaintiff-Appellant under Oklahoma law," Aplt. Br. at 15, and he asserts that the facts would allow a jury to find that a resulting trust was created under Oklahoma law. In

- 3 -

support, his opening brief offers three pages of legal discussion, including citations to Oklahoma and federal case law.

The problem, however, is that Dr. Muse supplied none of this legal analysis to the district court. As stated, his district-court response cited no case law, and it never mentioned the term "resulting trust." Generally, a litigant cannot seek reversal on appeal based on an argument that he did not present in the district court. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1232-33 (10th Cir. 1997). This court "should not be considered a second-shot forum, a forum where secondary, back-up theories may be mounted for the first time. Parties must be encouraged to give it everything they've got at the trial level." *Id.* at 1233 (citation and internal quotation marks omitted); *see also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993) ("issues not passed upon below" and therefore not preserved for appeal include "a situation where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial" and "a theory that was discussed in a vague and ambiguous way" (internal quotation marks omitted)).

It is well-established that with regard to tax liens, "state law controls in determining the nature of the legal interest which the taxpayer has in the property," and then, "[o]nce the court rules that property or the rights to it exist under state law, the consequences are governed by federal law." *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir. 1989) (per curiam). Rather than simply asserting

- 4 -

before the district court that he and the Partnership had an equitable and beneficial interest in the policy, making the levy wrongful, it was Dr. Muse's job to identify Oklahoma authority supporting the existence of an equitable and beneficial interest in the policy and proceeds, and federal authority establishing that such equitable and beneficial interest exempted the proceeds from the reach of the tax lien. Instead of furnishing such authority, he left it to the district court to determine the legal significance of his factual assertions. Such inadequately developed arguments failed to preserve his resulting-trust issue for appeal. *See Tele-Commc'ns, Inc.*, 104 F.3d at 1233-34 (holding that appellant failed to preserve argument where she presented a single paragraph below, but later expanded the issue to a ten-page appellate argument, "replete with examples and citations").

An argument forfeited in the district court may be considered on appeal under the plain-error standard. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). But it is the appellant's burden to argue the plain-error factors, and failure to do so "surely marks the end of the road for an argument for reversal not first presented to the district court." *Id.* at 1130-31. Dr. Muse has made no effort to show his resulting-trust argument satisfies the plain-error standard, even though the United States argued in its response brief that he failed to raise that argument in the district court. The argument therefore also is forfeited on appeal. *See id.* at 1131; *McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010).

Dr. Muse having forfeited his arguments, we are left with a situation in which the owner of an insurance policy exercised its right to surrender the policy and placed the proceeds in its bank account, which was subject to a tax lien. The proceeds then were transferred, eventually, to the Trust's account. Once property is subject to a tax lien, "no matter into whose hands the property goes, the property passes cum onere, or with the lien attached." *Cache Valley Bank*, 866 F.2d at 1244-45. Accordingly, Dr. Muse has failed to show any issue for trial regarding whether the levy upon the Trust's bank account was wrongful. The district court's grant of summary judgment to the United States is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge