**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROMAN ENRIQUE DELGADO-
MONTOYA, a/k/a JOSE DELGADO-
MONTOYA,

     Defendant - Appellant.

No. 15-2192
(D.C. No. 2:15-CR-00125-KG-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Roman Enrique Delgado-Montoya appeals the district court's imposition of a 120-month sentence after he pled guilty to reentering the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b). Mr. Delgado-Montoya argues the district court erred in imposing a 16-level enhancement based on its conclusion that his prior conviction of arson under California state law is a crime of violence for purposes of § 2L1.2 of the U.S. Sentencing Guidelines. He also argues the 120-month sentence selected by the district court is substantively unreasonable. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Delgado-Montoya is a citizen of Mexico who was removed from the United States on February 10, 2014. Although he was not given permission to reenter, Mr. Delgado-Montoya was found in the United States on May 30, 2014. As a result, the United States government charged him with one count of reentry of a removed alien under 8 U.S.C. § 1326(a) and (b). Mr. Delgado-Montoya pled guilty to the indictment.

After the plea, a probation officer prepared a presentence report (PSR) for Mr. Delgado-Montoya. The PSR identified a prior felony conviction of "Arson: Structure/Forest Land" under California state law as a crime of violence for sentencing purposes. Accordingly, the PSR recommended Mr. Delgado-Montoya's offense level be increased by 16—from a base level of 8, to 24—pursuant to § 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines (Guidelines). After other adjustments, the PSR calculated Mr. Delgado-Montoya's total offense level as 24, which, when combined with his criminal history category of VI, resulted in a Guidelines imprisonment range of 100 to 125 months.

Mr. Delgado-Montoya objected to the PSR, arguing the 16-level enhancement should not apply because his prior arson conviction under California Penal Code § 451 did not constitute a crime of violence under § 2L1.2. Specifically, he claimed that California's arson statute does not qualify as a crime of violence under § 2L1.2 because its reach is broader than the modern generic definition of arson: whereas "[t]he generic definition of arson is a 'willful and malicious burning' of property," he argued, "the

2

California arson statute provides that one can commit arson in that state by attempting to, committing an act preliminarily to, committing an act in furtherance of, and/or aiding, counseling, or procuring the requisite burning." He further claimed that the "statute's inclusion of burning 'forest land' also renders it broader than the generic definition of arson." At the sentencing hearing, Mr. Delgado-Montoya reiterated this objection, focusing on whether the criminalization of the "procurement" of a burning caused the California statute to sweep more broadly than the generic definition of arson.

The district court overruled Mr. Delgado-Montoya's objection, relying in part on the Ninth Circuit's decision in *United States v. Perez-Tapia*, which held that a conviction under Cal. Penal Code § 451 is a crime of violence for purposes of § 2L1.2 of the Guidelines. 241 F. App'x 416, 417–18 (9th Cir. 2007) (unpublished). The district court sentenced Mr. Delgado-Montoya to 120 months in prison and three years of unsupervised release. Mr. Delgado-Montoya now appeals.

## II.  DISCUSSION

Mr. Delgado-Montoya raises two main arguments in this appeal:[1] (1) the district court erred in concluding his prior arson conviction was a crime of violence and imposing

---

[1] Mr. Delgado-Montoya also raises a direct challenge to his reentry conviction on the basis that he was not "found in" the United States within the meaning of § 1326 because "he was subject to 'official restraint' throughout the duration of the brief time in which he was physically present in the United States prior to his apprehension." However, even if it was not enough that Mr. Delgado-Montoya explicitly "concedes that the facts underlying this claim were inadequately developed in the district court to permit him to prevail on this issue in this appeal," we would reject this challenge because he waived it when he pled guilty. *See United States v. De Vaughn*, 694 F.3d 1141, 1153 (10th Cir. 2012).

3

a sentencing enhancement based on that conclusion; and (2) his sentence is substantively unreasonable. We address and reject these contentions in turn.

### A. The District Court Did Not Plainly Err in Applying the Crime-of-Violence Sentence Enhancement

Mr. Delgado-Montoya first disputes the district court's determination that his prior California arson conviction qualifies as a "crime of violence" subject to a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) of the Guidelines. Specifically, he argues that the definition of arson under Cal. Penal Code § 451 criminalizes a broader swath of conduct than the modern generic definition of arson because § 451 does not require proof of a purpose to cause harm, whereas generic arson does.

The government maintains, first and foremost, that the district court correctly determined that arson under § 451 is a crime of violence for purposes of § 2L1.2 because § 451's definition of arson is not broader than the generic definition of arson. It also argues, however, that Mr. Delgado-Montoya did not raise his current broadness argument in the district court and that plain-error review therefore applies. Framed this way, the government asserts that, even if the district court erred, its error was not plain. Mr. Delgado-Montoya disagrees that plain-error review is the appropriate standard and asks us to review the district court's crime-of-violence determination de novo.

Before returning to Mr. Delgado-Montoya's substantive argument, we must first resolve the parties' threshold dispute over the appropriate standard of review.

4

### 1. Standard of Review

"Whether a conviction qualifies as a crime of violence under § 2L1.2 is a matter of statutory interpretation that we normally would review de novo." *United States v. Juarez-Galvan*, 572 F.3d 1156, 1158 (10th Cir. 2009). However, where a defendant challenges a district court's interpretation of the Guidelines based on an argument the defendant did not raise in the district court, de novo review is inappropriate and we instead review for plain error. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1185, 1187 (10th Cir. 2003); *see also United States v. Taylor*, 514 F.3d 1092, 1096 (10th Cir. 2008) ("[W]here a party seeks on appeal to raise an issue not squarely presented to the district court in order to allow it to exercise its judgment in the first instance . . . we traditionally review only for plain error."). We conclude plain error review applies here.

As noted above, Mr. Delgado-Montoya argued in the district court that § 451 is broader than generic arson because, in addition to proscribing conduct amounting to the "willful and malicious" burning of a building, the statute criminalizes the procurement of and the aiding and abetting of that conduct. The district court rejected this argument, largely relying on *United States v. Perez-Tapia*'s holding that the generic crime of arson includes aiding-and-abetting liability. 241 F. App'x 416, 418 (9th Cir. 2007) (unpublished). Now, on appeal, Mr. Delgado-Montoya abandons this argument and instead seeks to show that § 451 is broader than generic arson in a different way— namely, by arguing that generic arson requires proof of a "purpose to cause harm" while § 451 does not.

5

Although this latter argument was "not squarely presented to the district court," *Taylor*, 514 F.3d at 1096, Mr. Delgado-Montoya nonetheless argues de novo review should apply. First, he contends de novo review is appropriate because his arguments below and on appeal both relate to whether § 451 is broader than generic arson. However, our decisions in *United States v. Ventura-Perez*, 666 F.3d 670 (10th Cir. 2012), and *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008)—both of which applied plain error review in precisely analogous circumstances—foreclose this contention. *Ventura-Perez*, 666 F.3d at 673–74 (applying plain error review to district court's conclusion that state burglary statute was crime of violence under § 2L1.2 where defendant argued on appeal that statute was broader than generic burglary for a different reason than he had argued statute was broader below); *Zuniga-Soto*, 527 F.3d at 1116–17, 1122–25 (same but in the context of state assault statute). *See also Muse v. United States*, 574 F. App'x 798, 800 (10th Cir. 2014) ("'[I]ssues not passed on below' and therefore not preserved for appeal include 'a situation where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial . . . .'" (quoting *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 722 (10th Cir. 1993))).

Second, Mr. Delgado-Montoya argues de novo review is appropriate because the government impeded his objection to the crime-of-violence classification by failing to notify him of the statute under which he was previously convicted until the day before the sentencing hearing. This argument, too, is baseless because the government identified his

6

prior conviction as a violation of Cal. Penal Code § 451 three weeks before the sentencing hearing, in its response to Mr. Delgado-Montoya's objections to the PSR.

In short, because Mr. Delgado-Montoya could have, but did not, raise his present argument in the district court, we review the district court's decision for plain error only. *See Ruiz-Gea*, 340 F.3d at 1185. Under plain error review, a defendant must demonstrate that "(1) the district court erred; (2) the error was plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014). Although an obvious error in the district court's application of the Guidelines is typically presumed to satisfy the third and fourth prongs of this analysis, *id.* at 1333–34, a defendant still must show there actually was an error and that the error was plain. To show that an error was plain, the error must be "clear" or "obvious" under current law: "If neither the Supreme Court nor the Tenth Circuit has ruled on the subject, we cannot find plain error if the authority in other circuits is split." *United States v. Teague*, 443 F.3d 1310, 1319 (10th Cir. 2006); *see also United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000) ("An error is clear and obvious when it is contrary to well-settled law.").

Here, we need not decide whether the district court erred in concluding Cal. Penal Code § 451 is a crime of violence within the meaning of § 2L1.2 of the Guidelines because even if this conclusion was error, it was not plain. We explain why below.

### 2. Mr. Delgado-Montoya Has Not Shown the District Court Committed a Plain Error

When a district court sentences a defendant convicted of unlawfully reentering the United States, the Guidelines direct the court to apply a 16-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." § 2L1.2(b)(1)(A)(ii). The commentary to that section defines "crime of violence" to include, as relevant here, state-law arson offenses. § 2L1.2 application n.1(B)(iii). However, "[t]he label that a state attaches to a crime under its laws does not determine whether it is a Guidelines enumerated offense." *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009). Rather, to determine whether a prior state-law conviction is a crime of violence for purposes of § 2L1.2, we "apply a 'categorical approach,' considering only whether the elements of the state statute of conviction substantially correspond to the 'uniform generic definition' of an offense enumerated in § 2L1.2." *United States v. Castillo*, 811 F.3d 342, 345 (10th Cir. 2015). If they do, "then the conviction qualifies as a crime of violence." *Juarez-Galvan*, 572 F.3d at 1159. But if the elements of the state offense encompass a broader swath of conduct than those of the generic offense, the state offense does not qualify as a crime of violence under the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285–86 (2013).

The California arson statute at issue here provides: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property."

Cal. Penal Code § 451. Interpreting this provision, the California Supreme Court has said "willfully" means "a purpose or willingness to commit the act . . . . It does not require any intent to violate law, or to injure another, or to acquire any advantage." *In re V.V.*, 252 P.3d 979, 982–83 (Cal. 2011) (quoting Cal. Penal Code § 7). And "maliciously," as defined in the code, "imports a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." Cal. Penal Code § 450(e).

Mr. Delgado-Montoya argues that arson under § 451 is broader than generic arson because § 451 does not require proof of a purpose to cause harm or a subjective awareness of a risk of harm, whereas generic arson does. That is, Mr. Delgado-Montoya asserts the generic crime penalizes intentional fire-starting where the *defendant himself* is aware of the highly probable consequences of his act, while the California statute penalizes the intentional act of setting a fire "with awareness of facts that would lead a *reasonable person* to realize that the direct, natural, and highly probable consequence" would be the burning of the relevant structure or property. *In re V.V.*, 252 P.3d at 985 (emphasis added). As a result, he contends, California arson does not qualify as a crime of violence under § 2L1.2 of the Guidelines and the district court erred in deciding otherwise. But we need not explore the particulars of Mr. Delgado-Montoya's argument or determine whether he is ultimately correct. Even if the district court erred in deeming his California arson offense a crime of violence under the Guidelines, which we do not decide, this error was not plain.

9

"An error in a ruling is plain only if the ruling violates well-settled law." *United States v. Baum*, 555 F.3d 1129, 1135–36 (10th Cir. 2009) (internal quotation marks omitted). Thus, as we explained above, "[w]hen no authority from the Supreme Court or this circuit would compel a determination that there was error and there is contrary authority in other circuits, the error can rarely be plain." *Id.* at 1136. Such is the case here. This circuit has not passed on the generic definition of arson, let alone assessed whether Cal. Penal Code § 451 is a crime of violence within the meaning of § 2L1.2. And the Supreme Court recently observed that "the elements of generic arson are themselves so uncertain as to pose problems for a court having to decide whether they are present in a given state law." *Torres v. Lynch*, 136 S. Ct. 1619, 1633 (2016). In addition, the only circuit to address the precise issue presented here reached the same conclusion as the district court. *See Perez-Tapia*, 241 F. App'x at 417–18. There, the Ninth Circuit explained:

> Perez's California state arson conviction [under Cal. Penal Code § 451] was a "crime of violence" for purposes of applying the 16-level sentencing enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii). . . .
> The California arson statute substantially corresponds to generic arson. Generic arson is defined as "a willful and malicious burning of property." *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230 (9th Cir. 2005). The California arson statute provides that "[a] person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property." Cal. Penal Code § 451. Thus, both the California statute and generic arson criminalize the (1) burning of (2) property with (3) willfulness and malice.

*Id.* Finally, in addition to the Ninth Circuit, the Second, Fourth, Fifth, Sixth, Seventh, and Eighth Circuits have all concluded that the modern generic definition of arson is the

intentional (or willful) and/or malicious burning of property. *See United States v. Gatson*, 776 F.3d 405, 410 (6th Cir. 2015); *United States v. Misleveck*, 735 F.3d 983, 988 (7th Cir. 2013); *United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009); *United States v. Velez-Alderete*, 569 F.3d 541, 546 (5th Cir. 2009) (per curiam); *United States v. Craig*, 236 F. App'x 863, 865 (4th Cir. 2007) (per curiam) (unpublished); *United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991) (per curiam). As the *Perez-Tapia* court noted, this definition substantially corresponds to the language of Cal. Penal Code § 451. 241 F. App'x at 418.

In other words, without the benefit of Mr. Delgado-Montoya's argument that California applies a unique definition of the language of its statute, the district court's categorical comparison supported its conclusion that § 451 is no broader than generic arson. The district court's investigation of the current law would have revealed no Supreme Court or Tenth Circuit authority that holds otherwise, and instead would have exposed that the Ninth Circuit in *Perez-Tapia* had reached the same conclusion after comparing § 451 to generic arson. And if the district court had then expanded its research to consider other circuit authority to ensure that *Perez-Tapia* got the generic definition right, it would have learned that the majority of federal circuits have endorsed the same generic definition. Although Mr. Delgado-Montoya may be right that, due to a California-specific nuance, the generic definition supported by this authority does not actually correspond with the substantially similar language in § 451, this subtle distinction was not plain.

11

Under these circumstances, the district court did not commit plain error in determining Mr. Delgado-Montoya's prior conviction under § 451 was a crime of violence triggering a 16-level enhancement under § 2L1.2 of the Guidelines "because, if it erred at all, the error was not 'clear or obvious.'" *Juarez-Galvan*, 572 F.3d at 1160 (citation omitted); *see also Baum*, 555 F.3d at 1136 (finding no plain error in part because the district court's decision aligned with the sole circuit decision addressing the issue). We therefore affirm the district court's imposition of the sentencing enhancement.

### B.    Mr. Delgado-Montoya's Sentence Is Not Unreasonable

Mr. Delgado-Montoya next argues that his 120-month sentence is substantively unreasonable because the district court "gave short shrift to the § 3553(a) factors" and because his Guidelines sentencing range would be lower under the terms set forth in a subsequently proposed amendment to the Guidelines.[2] We disagree.

---

[2] We note that Mr. Delgado-Montoya's first assertion—that the district court did not adequately consider the § 3553(a) factors—is arguably at least in part a claim that his sentence is *procedurally*, not just *substantively*, unreasonable. *See United States v. Wittig*, 528 F.3d 1280, 1284–85 (10th Cir. 2008) (explaining differences between procedural and substantive unreasonableness and how a contention concerning district court's treatment of the § 3553(a) factors can sound in both); *see also id.* at 1284 ("[I]t would be procedural error if a court failed to consider the § 3553(a) factors . . . ."). We also recognize that, unlike substantive challenges, procedural challenges are subject to plain-error review unless they were raised in the district court. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1182–83 (10th Cir. 2006). For our purposes here, however, the distinction is unimportant. Because we conclude the district court did not commit any error under the lesser abuse-of-discretion standard generally applicable to both types of challenges, we need not decide the extent to which Mr. Delgado-Montoya's argument is procedurally based nor whether plain-error review applies. *See United States v. Lucero*, 747 F.3d 1242, 1246–47 (10th Cir. 2014).

We review sentences for procedural and substantive reasonableness under an abuse-of-discretion standard. *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013). Applying this deferential standard, we evaluate the district court's factual findings for clear error and its legal determinations de novo. *Id.*

"In considering whether a defendant's sentence is substantively reasonable, we examine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (internal quotation marks omitted). Thus, although a district court must first determine the proper Guidelines range, it should then turn to the § 3553(a) factors—which include the defendant's background, the nature of the offense at issue, and several other policy considerations—to decide whether a particular sentence is justified. *United States v. Lucero*, 747 F.3d 1242, 1250 (10th Cir. 2014). Ultimately, "[a] sentence is substantively unreasonable if, in light of the § 3553(a) factors, it 'exceeds the bounds of permissible choice, given the facts and the applicable law.'" *Id.* at 1250–51 (quoting *Chavez*, 723 F.3d at 1233). However, if a sentence falls within the correct Guidelines range, we presume it is reasonable. *Id.* at 1251. "The defendant bears the burden of rebutting this presumption in light of the § 3553(a) factors." *Id.*

Here, Mr. Delgado-Montoya does not question the fact that, absent the victory he sought but did not win on the sentencing-enhancement issue, his 120-month sentence fell within the proper Guidelines range of 100 to 125 months. Thus, his sentence is

presumptively reasonable, and he bore the burden of rebutting that presumption. This he has not done.

After asserting that the district court "adopted the sentence recommended by the government with little analysis" and "gave short shrift to the § 3553(a) factors," Mr. Delgado-Montoya simply recites facts that he believes merited leniency; he does not actually discuss the district court's ruling or explain how it demonstrates the district court failed to properly consider or apply the statutory factors. And it is clear he could not have done so convincingly even if he had tried. Before issuing its ruling, the district court gave Mr. Delgado-Montoya ample opportunity to speak on his own behalf. Turning to its disposition, the court expressly stated that it had "considered the Sentencing Guidelines and the applications associated with the guidelines as well as the factors in 18 United States Code Section 3553(a)(1) through (7)." It then explained that Mr. Delgado-Montoya's criminal history was the significant factor in its sentencing decision:

> [W]e don't often see this kind of history in somebody who's standing where you are. The number of aliases, the numbers of convictions, the numbers of arrests are impressive, and I don't mean that in a complimentary way.
> . . . [M]any people come to the United States for work and for family reasons, but even while they're here unlawfully, they can still be respectful of the laws of the United States and the people who live in the United States.
> Mr. Delgado, you have not been respectful . . . you have not assimilated into the United States no matter how many years you have been here, and that's what makes you different. It's a criminal immigration offense, but it's also your criminal history that is significant."

In light of this thorough explanation, the presumption of reasonableness that attaches here, and Mr. Delgado-Montoya's scant attempt to rebut that presumption, Mr. Delgado-

14

Montoya has not shown his sentence "exceeds the bounds of permissible choice" and is thus unreasonable. *Lucero*, 747 F.3d at 1251 (citation omitted). We cannot say the district court erred or abused its discretion in imposing on Mr. Delgado-Montoya a within-Guidelines sentence of 120 months' imprisonment.[3]

Finally, contrary to Mr. Delgado-Montoya's contention, the fact that the U.S. Sentencing Commission subsequently proposed an amendment to § 2L1.2 that would result in a lower Guidelines range for his offense does not make his sentence substantively unreasonable either. *See United States v. Vasquez-Alcarez*, 647 F.3d 973, 980 (10th Cir. 2011) ("The Sentencing Commission's subsequent proposed amendment does not change the reasonableness of the district court's decision."). And although the government noted in its answer brief that the proposed amendment was approved after Mr. Delgado-Montoya filed his opening brief, Mr. Delgado-Montoya did not mount an argument in his reply brief based on that potential distinction—indeed, he expressly rested on his opening brief as to his substantive unreasonableness argument. Because Mr. Delgado-Montoya did not brief the issue of any possible difference between proposed and adopted amendments in the context of a direct appeal, we will not consider that issue

---

[3] To the extent Mr. Delgado-Montoya argues the district court did not adequately explain its reasoning, we conclude the district court's explanation was more than sufficient. *See United States v. Lente*, 647 F.3d 1021, 1034 (10th Cir. 2011) ("When a district court imposes a within-Guidelines sentence, the court must provide only a general statement of its reasons, and need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that it rejects in arriving at a reasonable sentence." (internal quotation marks omitted)).

here. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) ("Issues not adequately briefed will not be considered on appeal.").

### III.  CONCLUSION

The district court did not plainly err in concluding that Mr. Delgado-Montoya's California arson conviction is a crime of violence under § 2L1.2. Accordingly, it also did not plainly err in applying § 2L1.2's 16-level enhancement in determining Mr. Delgado-Montoya's Guidelines imprisonment range. Finally, Mr. Delgado-Montoya failed to demonstrate that his within-Guidelines sentence is unreasonable. We therefore AFFIRM the sentence imposed by the district court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge