# United States Court of Appeals

## For the First Circuit

No. 06-1749

UNITED STATES OF AMERICA,

Appellee,

v.

JENNIFER GODIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Chief Judge,
Cyr,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

Paul M. Glickman, by appointment of the court, with whom Glickman Turley LLP was on brief for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

April 10, 2008

---

[*]Senior Judge Conrad K. Cyr participated in the original hearing and disposition of this case but retired prior to the disposition of the petition for rehearing. The remaining members of the panel comprise a quorum for the issuance of this decision. 28 U.S.C. § 46(d).

**Per Curiam**.   This case is now before us on petition for rehearing.   As recounted in detail in our prior decision, <u>United States</u> v. <u>Godin</u>, 489 F.3d 431 (1st Cir. 2007) ("<u>Godin I</u>"), Jennifer Godin pled guilty in 2005 to one count of obstructing commerce by robbery, 18 U.S.C. § 1951(a) (2000), and one count of using and carrying a firearm during and in relation to the robbery, <u>id.</u> § 924(c)(1)(A)(ii).   On April 14, 2006, the district court sentenced her to 262 months computed as follows.

Applying the 2005 sentencing guidelines, the district court found that Godin was a career offender because her crime was a crime of violence, she was at least eighteen years old at the time of the offense, and she had two prior offenses in that category (both burglaries of apartments in the same building in the same week).   U.S.S.G. § 4B1.1(a).   As a career offender convicted on multiple counts, one of which was under 18 U.S.C. § 924(c), her guidelines range was 262-327 months.   U.S.S.G. § 4B1.1(c)(3).   The district court chose the bottom of this range.

On appeal, Godin challenged <u>inter alia</u> the district court's determination that she was a career offender.   She argued that her two prior crimes of violence--the burglaries--should be counted as one because they were "related sentences" as defined in the guidelines.   U.S.S.G. §§ 4B1.2(c), 4A1.2(a)(2) & cmt. n. 3 (2005).   We rejected Godin's argument because the two burglaries were not part of a "single common scheme or plan," and although she

-2-

was sentenced for the two burglaries on the same day, the two crimes had not been "consolidated for trial or sentencing," as this court had previously interpreted that phrase. Godin I, 489 F.3d at 435-36.

While Godin's appeal was pending, the Sentencing Commission proposed an amendment to the guidelines restating the rules for determining when multiple crimes are counted as one for criminal history purposes. The amendment provided that two prior convictions are counted as one if the resulting "sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2) (2007); U.S.S.G., Supp. to App. C, Amendment 709 (2007). The amendment, proposed in May 2007, was set to become effective on November 1, 2007, unless Congress acted to prevent its adoption.

Under the proposed amendment, Godin's two prior burglaries--for which she was sentenced in state court on a single day--would count as one, and she would no longer have two prior felony convictions. Thus, had the amendment been in effect at the time of her sentencing, Godin would have been excluded from the career offender category and her guideline sentencing range would have been reduced from 262-327 months to a much lower number-- possibly as low as 121-130 months.[1]

---

[1]Godin's PSR assigned an adjusted offense level of 17 to her robbery conviction. This was based on a base offense level of 20 for robbery under § 2B3.1, and a 3 level reduction for acceptance of responsibility under § 3E1.1(a). Godin was then assigned a criminal history category of IV, based on her prior convictions,

Following this court's June 2007 affirmance of her sentence, Godin I, 489 F.3d at 438, Godin petitioned for rehearing, asking the court to consider the impact of the proposed amendment. As suggested by the government, we delayed ruling on the petition to see whether the amendment would become effective on November 1, 2007, as it did. If the Sentencing Commission had also given the amendment retroactive force, this would have returned the matter to the district court, but the Commission did not do so. United States Sentencing Commission, Supplement to the 2007 Guidelines Manual, § 1B1.10(c) (March 3, 2008) (not listing Amendment 709).

The Sentencing Commission's decision not to make the amendment retroactive means the defendant is not entitled, under the procedure set forth in 18 U.S.C. § 3582(c)(2), to further proceedings in which the district court even in the case of a sentence that has become final may choose to adjust the sentence employing the more lenient amendment to calculate the guideline range. But the posture of this case is peculiar: the amendment is not applicable retroactively, but neither has the pending appeal yet resulted in a final disposition, that is, a disposition that is no longer subject to review on direct appeal in any court.

---

and other relevant factors under U.S.S.G. § 4A1.1, yielding a guideline range of 37-46 months. However, the statutory minimum for the firearms offense is 84 months, running consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 2K2.4(b) & cmt. n. 2(A). The resulting guideline range--121-130 months--would have been about half the guideline range employed.

Even though the case is still on appeal, neither this court nor the district court is governed by a non-retroactive substantive amendment adopted after the defendant's sentencing,[2] but both we and the district court could be influenced by an amendment that merely clarified an earlier provision. United States v. Cabrera-Polo, 376 F.3d 29, 32 (1st Cir. 2004). And we, although not the district court, could choose to alter our own prior reading of a newly clarified guideline even if in an earlier case we had read the original guideline adversely to the defendant.

Here, the amendment is substantive and does not establish that the pertinent guideline in effect at the time of Godin's sentence was misconstrued by this court. See United States v. Crudup, 375 F.3d 5, 7-10 (1st Cir. 2004) (discussing factors rendering guidelines amendment either substantive or clarifying). The Commission said that a conflict existed as to the interpretation of the earlier guideline and, in lieu of clarification in favor of one view or the other, it adopted a new blanket rule that eliminates the ambiguity by going beyond any

---

[2]United States v. Havener, 905 F.2d 3, 7 (1st Cir. 1990) (Breyer, J.); see also United States v. Diaz-Cardenas, 351 F.3d 404, 409 (9th Cir. 2003) ("[S]ubstantive amendments to the guidelines that occur between the date of sentencing and the resolution of an appeal have no retroactive effect unless specifically referenced in U.S.S.G. § 1B1.10.").

circuit's reading of the previous rule in a manner favorable to the defendant.[3]

Nevertheless, the Commission's amendment makes clear that in a case like Godin's, it regards the best approach to be to treat the two burglary sentences imposed together as one prior sentence without regard to the timing or circumstances of the burglaries, and to correct any under-representation of criminal history by permitting a discretionary adjustment upward.  U.S.S.G. § 4A1.2 cmt. n. 3 (2007).  Given that both of Godin's burglaries occurred within a short period in the same building and neither involved physical harm to any person, it is open to doubt whether under the new guideline the district court would have made a large upward adjustment, if any.

The Commission recognized that the language as it stood in 2005 was not crystal clear and that some circuits like ours had taken a strict view while others had been more flexible.  The Commission could merely have "clarified" its preference for the flexible view and we might then have revised our own prior reading, Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992), and given

---

[3]See U.S.S.G., Supp. to App. C, Amendment 709, Reason for Amendment (Nov. 1, 2007) (comparing United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997) (requiring formal order of consolidation) with United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998) (no formal order required)).  The Commission also noted that practitioners complained that the earlier guideline was "too complex and le[]d to confusion.  Moreover, a significant amount of litigation has arisen concerning application of the rules."  Id.

Godin the benefit of the new rule. Instead, the Commission made a substantive change, namely, to a mechanical rule that goes even further in the direction of leniency. It may seem odd that in a still pending case Godin should be irremediably worse off because the Commission went further in her direction than mere clarification.

Understandably, the Commission hesitates to make most substantive changes retroactive since they may require the redoing of hundreds or even thousands of final sentences. But the Commission's policy judgment, as we earlier conjectured in Godin I is that it is better to start low, counting the same-day sentences as one, and adjust upward if warranted. That does not alter the guideline range applicable in this case; but in dealing with a sentence that has not become final, it might alter the district court's ultimate choice of a discretionary sentence in the post-Booker era.

Thus, we think that the district judge should be given a chance to reconsider the sentence. The original guideline range calculated by the judge under the 2005 guidelines remains applicable, because the amendment was substantive and non-retroactive. But, as the judge's discretion is no longer rigidly controlled by the guideline range,[4] the judge is free to consider

---

[4]Gall v. United States, 128 S. Ct. 586, 594 (2007); United States v. Booker, 543 U.S. 220, 245, 259-60 (2005); United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc),

the Commission's current thinking for whatever use it may be in exercising the court's judgment about the proper sentence.

Admittedly, the district judge recognized the severity of the sentence--Godin has had a "horrendous life" (in the judge's words) and suffers from mental illness--but was willing to impose it because of the nature of defendant's crime and her history of drug abuse, crime, and violence. Godin I, 489 F.3d at 437-38. The district court may still deem this the proper sentence. But the original guideline range was the starting point and the Commission's current policy position on who should be deemed a career offender may have some influence on the judge's ultimate discretionary choice of sentence.

Accordingly, we grant the petition for rehearing, vacate our judgement of June 13, 2007, supplement Godin I with this decision addressed to the amended guideline, vacate the district court's sentence and remand for re-sentencing, leaving it to the district judge to decide whether the original or some different sentence should be imposed and to determine what additional proceedings, if any, the judge might find helpful.

It is so ordered.

---

cert. denied, 127 S. Ct. 928 (2007).