FILED
United States Court of Appeals
Tenth Circuit

July 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RAMON VASQUEZ-ALCAREZ,

Defendant - Appellant.

No. 10-1325

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:09-CR-00505-MSK-1)

Jill M. Wichlens, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with her on the briefs), Office of the Federal Public Defender for the District of Colorado, Denver, Colorado, appearing for Appellant.

John F. Walsh, United States Attorney (Hayley E. Reynolds, Assistant United States Attorney, with him on the brief), Office of the United States Attorney for the District of Colorado, Denver, Colorado, appearing for Appellee.

Before **HARTZ, O'BRIEN,** and **MATHESON,** Circuit Judges.

**MATHESON**, Circuit Judge.

# I. INTRODUCTION

Ramon Vasquez-Alcarez pleaded guilty to illegal reentry into the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). His sentence of 27 months' incarceration fell at the low end of the Sentencing Guidelines range. This range reflected a 12-level enhancement because Mr. Vasquez-Alcarez had been convicted of cocaine trafficking in 1995. On appeal, Mr. Vasquez-Alcarez argues that the district court placed too much weight on the 1995 conviction because it was stale. He challenges his sentence as substantively unreasonable.

After this appeal was filed, the Sentencing Commission proposed an amendment to the Sentencing Guidelines that, had it been in effect at the time of Mr. Vasquez-Alcarez's sentence, would have resulted in an 8-level rather than a 12-level enhancement. *See* U.S.S.G. app. C, amend. 6 (effective date: Nov. 1, 2011). Mr. Vasquez-Alcarez contends that this proposed amendment bolsters his argument that his sentence was substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), we AFFIRM his sentence.

# II. BACKGROUND

## A. *Facts*

Mr. Vasquez-Alcarez was born in Mexico and immigrated to the United States illegally. At age 20, he was convicted of cocaine trafficking in southern California and sentenced to 150 days in jail in 1995. He was deported for that offense later that year.

He returned to southern California, and, in 2000, he was convicted of driving under the influence and deported for that offense. He entered the United States a third time shortly thereafter and lived in Colorado.

In 2009, Mr. Vasquez-Alcarez pleaded guilty to a misdemeanor assault in Colorado state court. He allegedly threatened his wife and put a knife to her stomach. A federal grand jury in the District of Colorado indicted Mr. Vasquez-Alcarez for illegal reentry into the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Vasquez-Alcarez pleaded guilty to that charge.

**B.** *Sentencing*

The presentence report (PSR) gave Mr. Vasquez-Alcarez 1 criminal history point for his DUI conviction in 2000 and 1 point for his misdemeanor assault in 2009. He received 0 points for his 1995 cocaine trafficking conviction because that sentence was imposed more than 10 years prior to the illegal reentry. *See* U.S.S.G. § 4A1.2(e)(2). His 2 criminal history points gave Mr. Vasquez-Alcarez a criminal history category of II.

In return for Mr. Vasquez-Alcarez's guilty plea, the government promised to recommend a within-Guidelines sentence and a 3-level adjustment for acceptance of responsibility. The base offense level for illegal reentry is 8. Both parties agreed that the Guidelines require a 12-level increase for the prior cocaine trafficking conviction. *See* U.S.S.G. § 2L1.2(b)(1)(B). Unlike the criminal history calculation, the Guideline offense level for illegal reentry does not count stale convictions differently from recent ones.

*Compare* U.S.S.G. § 2L1.2, *with* U.S.S.G. § 4A1.2(e).

The PSR concurred with the parties' offense level calculation of 17 based on the 8-level base offense, the 12-level increase for the prior conviction, and the 3-level decrease for acceptance of responsibility. The 17 offense level and the category II criminal history yielded a Guidelines range of 27 to 33 months. The PSR recommended a 27-month sentence.

At the sentencing hearing, the district court adopted the PSR findings without objection. Mr. Vasquez-Alcarez's counsel asked for a 27-month sentence. Mr. Vasquez-Alcarez spoke, saying, "And I know you guys are recommending 27 months, but I'm asking you for a little bit of mercy." 3 Aplt. App. 37.

The court then explicitly considered the 18 U.S.C. § 3553(a) factors, noting Mr. Vasquez-Alcarez's criminal history, his pattern of reentry, his family situation, and his acceptance of responsibility. The court recognized that Mr. Vasquez-Alcarez "requested a somewhat lower term" and interpreted this request as a motion for a downward variance. *Id.* at 43. Nonetheless, the court found the Guideline range was appropriate and sentenced Mr. Vasquez-Alcarez to 27 months in prison.

Mr. Vasquez-Alcarez appeals this sentence, arguing that the district court's failure to grant his request for a below-Guidelines sentence was substantively unreasonable because the court gave too much weight to his 1995 cocaine trafficking conviction.

As noted above, after Mr. Vasquez-Alcarez's appeal was filed, the Sentencing Commission proposed an amendment to the Sentencing Guidelines that, had it been in

effect at the time of Mr. Vasquez-Alcarez's sentence, would have resulted in an 8-level rather than a 12-level enhancement. *See* U.S.S.G. app. C, amend. 6 (effective date: Nov. 1, 2011).

### III. DISCUSSION

#### A. *Issue and Standard of Review*

The issue is whether Mr. Vasquez-Alcarez's sentence was substantively reasonable. The standard of review is either plain error or abuse of discretion.

Mr. Vasquez-Alcarez asked the district court for a lower sentence based on mercy. The court construed this request as a motion for a downward variance and rejected it. Mr. Vasquez-Alcarez did not formally object to his sentence, and he never argued that the staleness of his prior conviction for cocaine trafficking should lead to a lower sentence. The stale conviction argument is the basis for his appeal, including his point about the proposed amendment to the Guidelines. Has Mr. Vasquez-Alcarez preserved his stale conviction argument for appeal?

We recently explained that "[i]f the theory was intentionally relinquished or abandoned in the district court, we usually deem it waived and refuse to consider it . . . . By contrast, if the theory simply wasn't raised before the district court, we usually hold it forfeited." *Richison v. Ernest Group Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011) (quotations and citations omitted). Based on *Richison*, Mr. Vasquez-Alcarez did not waive his stale conviction argument. Did he forfeit it?

We have held that "when the claim is merely that the sentence is unreasonably

long, we do not require the defendant to object in order to preserve the issue." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006).[1] Accordingly, Mr. Vasquez-Alcarez may challenge the substantive reasonableness of his sentence on appeal. But can he argue that his sentence's accounting for his old conviction is substantively unreasonable, or has he forfeited that argument by not making it below?

If he has forfeited the stale conviction argument, we review the substantive reasonableness of his sentence only for plain error. Mr. Vasquez-Alcarez would need to show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Richison*, 634 F.3d at 1128.

If he has not forfeited this argument, we follow the Supreme Court's instruction that "the familiar abuse-of-discretion standard of review . . . applies to appellate review of sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007); *see also United States v. Rausch*, 638 F.3d 1296, 1302 (10th Cir. 2011) ("Substantive reasonableness . . . is reviewed under an abuse-of-discretion standard."). The Supreme Court has emphasized that "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."

---

[1] In *United States v. Mancera-Perez*, 505 F.3d 1054 (10yh Cir. 2007), we said, "We therefore clarify *Torres-Duenas*'s exception allowing reasonableness review of unpreserved substantive sentencing challenges to require that the defendant have at least made the argument for a lower sentence before the district court." *Id.* at 1059. We do not retreat from that clarification. In this case the district court regarded Mr. Vasquez-Alcarez's plea for lenity as a motion for downward variance.

*Gall,* 552 U.S. at 51.

The parties sparsely address the question of forfeiture. The government states that Mr. Vasquez-Alcarez did not "present" his staleness argument to the district court, but agrees with Mr. Vasquez-Alcarez that the standard of review is abuse of discretion. Aple. Br. at 8. Mr. Vasquez-Alcarez does not mention this issue in his reply brief, and neither party mentions waiver or forfeiture.

Although Mr. Vasquez-Alcarez, under *Torres-Duenas*, has preserved his substantive reasonableness claim even though he did not formally object below, we think the better view is that he forfeited his stale conviction argument because he did not present it to the district court. That said, we need not decide whether there was forfeiture because his sentence can be affirmed under either plain error or abuse of discretion review. We find no error or abuse of discretion.

## B. *Substantive Reasonableness*

Despite the challenge to find meaningful and workable guidance on what constitutes substantive reasonableness, *see United States v. Wittig*, 528 F.3d 1280, 1289-90 (10th Cir. 2008) (Hartz, J., concurring and joined by whole panel), *cert. denied*, 129 S.Ct. 1985 (2009), we are satisfied that the district court did not err or abuse its discretion in this case.

Mr. Vasquez-Alcarez argues in his opening brief that the district court improperly weighed the 18 U.S.C. § 3553(a) factors by relying too much on his stale conviction. By the time Mr. Vasquez-Alcarez filed his reply brief, the Sentencing Commission had

proposed an amendment to the Guidelines that would reduce the offense level increase for certain prior convictions in illegal reentry sentences. Mr. Vasquez-Alcarez argues that the proposed Guideline amendment confirms that the district court overrelied on his 1995 conviction.

The Supreme Court "permit[s] courts of appeals to adopt a presumption of reasonableness" when the district court sentenced a defendant within the Guidelines range. *Rita v. United States*, 551 U.S. 338, 354 (2007). "We have applied a presumption of reasonableness in reviewing within-guidelines sentences imposed upon conviction." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011).

In *Rita*, the Supreme Court explained that appellate courts could adopt such a presumption because, when "an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." 551 U.S. at 347.

Mr. Vasquez-Alcarez contends that the Sentencing Commission's proposed amendment to the Guidelines erases the Commission half of *Rita'*s "double determination" that a Guidelines sentence is reasonable. He argues we should not apply the presumption of reasonableness here. We need not decide whether a presumption ought to apply because we hold that the district court's sentence was substantively reasonable without the benefit of a presumption. *See Gall*, 552 U.S. at 51 ("If the

-8-

sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.")

## 1. *Staleness of the Prior Conviction*

Sentencing judges must consider the "nature and circumstances of the offense" and the "history and characteristics of the defendant," among other factors. 18 U.S.C. § 3553(a)(1). Mr. Vasquez-Alcarez argues that the district court misconstrued his history by not discounting his drug trafficking conviction for being 15 years old, especially when that conviction accounted for 12 of his 17 offense levels.

Mr. Vasquez-Alcarez compares his case to *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009). In *Amezcua-Vasquez*, the defendant was convicted of illegal reentry and sentenced to 52 months, which was within a Guidelines range reflecting a 16-level enhancement for two 25-year-old felonies. *See id.* at 1052-53. The Ninth Circuit said that "[t]he staleness of the conviction does not affect the Guidelines calculation, but it does affect the § 3553(a) analysis." *Id.* at 1056.

Mr. Vasquez-Alcarez also cites this court's decision in *United States v. Chavez-Suarez*, 597 F.3d 1137 (10th Cir. 2010), *cert. denied*, 131 S.Ct. 286 (2010), which discussed *Amezcua-Vasquez* and "agree[d] with the Ninth Circuit that the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence." *Chavez-Suarez*, 597 F.3d at 1138. But, as Mr. Vasquez-Alcarez notes, in *Chavez-Suarez* we affirmed a within-Guidelines range sentence of 41 months. The range reflected a 16-level enhancement for an 11-year-old marijuana trafficking conviction. *Id.* at 1137,

-9-

1139.[2]

Mr. Vasquez-Alcarez's case for a downward variance based on a stale conviction is even weaker than Mr. Chavez-Suarez's. Although Mr. Vasquez-Alcarez's prior conviction occurred 15 years before his illegal reentry conviction and Mr. Chavez-Suarez's prior was 11 years old, Mr. Chavez-Suarez trafficked a less serious drug (marijuana compared to cocaine), received a much steeper enhancement (16 levels compared to 12 levels), and was sentenced to over a year more (41 months compared to 27 months).

Our role is not to second guess the district court's treatment of the § 3553(a) factors. "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall*, 552 U.S. at 51 (quotations omitted).

In this case, the district court stated what § 3553(a) requires and then discussed Mr. Vasquez-Alcarez's criminal history, his pattern of reentry, his family situation, and his acceptance of responsibility. The court also reviewed the PSR, which explained Mr. Vasquez-Alcarez's background in detail.

---

[2] Mr. Chavez-Suarez received a 16-level enhancement because he was sentenced to eighteen months incarceration for his marijuana trafficking offense. *See Chavez-Suarez*, 597 F.3d at 1138; U.S.S.G. § 2L1.2(b)(1) (providing: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels.").

"[W]e are not persuaded that the district court's judgment fell outside the range of rationally permissible choices before it." *Chavez-Suarez*, 597 F.3d at 1139 (quotations omitted). We find no error or abuse of discretion on the substantive reasonableness of the sentence.

   **2.** *Proposed Amendment to the Sentencing Guidelines*

On January 19, 2011, the Sentencing Commission proposed a series of amendments to the Sentencing Guidelines. *See* U.S.S.G. app. C, amend. 6 (effective date: Nov. 1, 2011). One would change the sentencing enhancement in illegal reentry cases for certain prior convictions. *Id.* Section 2L1.2(b)(1)(B) of the Guidelines currently provides that if a defendant illegally reenters after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, [the offense level] increase[s] by 12 levels." This provision does not include any time limit for the prior conviction to have this effect.

The proposed amendment would increase the offense level by 12 levels only "if the conviction receives criminal history points under Chapter Four *or by 8 levels if the conviction does not receive criminal history points*." U.S.S.G. app. C, amend. 6 (effective date: Nov. 1, 2011) (emphasis added). Mr. Vasquez-Alcarez's cocaine trafficking conviction did not receive criminal history points. Under U.S.S.G. § 4A1.2(e)(2), prior convictions with sentences of 13 months or less do not count for criminal history points if the sentence was imposed 10 years before the new offense. *Compare* U.S.S.G. § 4A1.2(e)(1) (providing criminal history points for sentences over 13

-11-

months if they were within 15 years of the new offense). Mr. Vasquez-Alcarez's cocaine trafficking conviction was in 1995, and he was sentenced to 150 days in jail. Under the proposed amendment, his offense level would only be enhanced by 8 rather than 12 levels, thereby decreasing his total offense level from 17 to 13 and his Guidelines range from 27-33 to 15-21 months.

Mr. Vasquez-Alcarez argues that the proposed amendment demonstrates the substantive unreasonableness of his sentence because the amendment would adjust for the staleness of his 1995 conviction. We disagree. The amendment has been proposed, not adopted. Even if the amendment were adopted, it would not apply retroactively unless the Commission says it does. As Justice Kennedy recently explained:

> Federal courts are forbidden, as a general matter, to "modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions. Here, the exception is contained in a statutory provision enacted to permit defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of the statute are met.

*Freeman v. United States*, 564 U.S. —, — S.Ct. —, 2011 WL 2472797 (June 23, 2011) at *4. That statutory provision is 18 U.S.C. § 3582(c)(2), which provides that, after the Commission decides that an amendment may apply retroactively, a district "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also* 28 U.S.C. § 994(u) ("If the Commission reduces the term of imprisonment recommended in the guidelines

-12-

applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."). The proposed amendment here contains no retroactivity provision.

Shortly before oral argument, Mr. Vasquez-Alcarez submitted a letter pursuant to Fed. R. App. P. 28(j) that encourages us to follow the First Circuit's decisions in *United States v. Godin,* 522 F.3d 133 (1st Cir. 2008) and *United States v. Ahrendt*, 560 F.3d 69 (1st Cir. 2009), *cert. denied*, 129 S.Ct. 2815 (2009). We find these cases distinguishable.

In both *Godin* and *Ahrendt*, an amendment to the Sentencing Guidelines had become effective after the defendants' sentencing, and the Sentencing Commission did not adopt the change to apply retroactively. *See Godin*, 522 F.3d at 134; *Ahrendt*, 560 F.3d at 78-79. Nonetheless, the First Circuit remanded the cases for resentencing to give the sentencing judges the opportunity to reconsider the sentences in light of the amendment. *Godin*, 522 F.3d at 136; *Ahrendt*, 560 F.3d at 80. In both cases, the First Circuit said that the district court could preserve the original sentence on remand. *Godin*, 522 F.3d at 136; *Ahrendt*, 560 F.3d at 80.

In this case, the amendment to the Sentencing Guidelines has merely been proposed, not adopted. *See* U.S.S.G. app. C, amend. 6 (effective date: Nov. 1, 2011). We would have to take a step further than *Godin*—a step no federal appellate court has taken—to remand for resentencing following a proposed amendment. We do not take that step.

*Godin* itself has been sharply criticized. Judge Posner called it "an outlier" and said it "took a big step toward making [amendments] retroactive, thus introducing a new cause of delay in sentencing and interfering with the Sentencing Commission's prerogative of determining whether to make a particular amendment to the guidelines retroactive or just prospective." *United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009).

In this case, the district court considered the § 3553(a) factors and then decided to sentence Mr. Vasquez-Alcarez consistent with the Guidelines range incorporating the 12-level enhancement. That the Commission may later adopt an 8-level enhancement does not mean that the district court was unreasonable in sentencing Mr. Vasquez-Alcarez at the bottom end of the applicable Guidelines range.

### IV. CONCLUSION

The district court did not err or abuse its discretion by sentencing Mr. Vasquez-Alcarez to 27 months' incarceration, a sentence within a Guidelines range that reflected a 12-level enhancement based on his 1995 cocaine trafficking conviction. The Sentencing Commission's subsequent proposed amendment does not change the reasonableness of the district court's decision. A proposed amendment to the Sentencing Guidelines is not a sufficient reason to remand an otherwise reasonable sentencing for resentencing. Accordingly, Mr. Vasquez-Alcarez's sentence is AFFIRMED.