**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DE'SHAUGHN JAHMALL MAYS,

    Defendant - Appellant.

No. 16-1366
(D.C. No. 1:15-CR-00467-RM-1)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    De'Shaughn Jahmall Mays appeals the district court's imposition of a

54-month sentence after he pled guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). Mr. Mays argues his sentence, which falls above

the applicable U.S. Sentencing Guidelines range of 30 to 37 months, is substantively

unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C.

§ 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

On October 5, 2015, Mr. Mays was stopped by police for driving a stolen vehicle. During a search of the vehicle, the police found a loaded handgun, which also was stolen. In light of Mr. Mays's prior felony convictions, the United States government charged him with one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Mays pled guilty to the indictment.

After the plea, a probation officer prepared a presentence report ("PSR") for Mr. Mays. The PSR assigned Mr. Mays a total offense level of 19 and a criminal history category of V, which together yielded a U.S. Sentencing Guidelines ("Guidelines") range of 57 to 71 months' imprisonment. Mr. Mays objected to the PSR, arguing for reasons not relevant here that his offense level should be 13. He also moved for a variant sentence, asking that the district court sentence him to 36 months in prison followed by three years of supervised release.

At the sentencing hearing, the district court sustained Mr. Mays's objection and recalculated his total offense level as 13. Combining that figure with Mr. Mays's criminal history category of V, the district court arrived at a new Guidelines range of 30 to 37 months. The court then heard from the government, which argued for a 66-month sentence; from defense counsel, who argued for the same 36-month sentence already requested in the variance motion; and from Mr. Mays, who spoke on his own behalf in mitigation. After a lengthy discussion of its reasoning with respect to the 18 U.S.C. § 3553(a) sentencing factors, the district court determined that an upward

variance was appropriate and sentenced Mr. Mays to 54 months in prison and three years of supervised release. Mr. Mays now appeals.

## II. DISCUSSION

Mr. Mays's sole argument on appeal is that his 54-month sentence is substantively unreasonable. Specifically, Mr. Mays claims the district court "unreasonably weighed the factors in 18 U.S.C. § 3553(a)" by overemphasizing his adolescent behavior and dated convictions while undervaluing his life improvements and mental-health issues. Thus, according to Mr. Mays, the district court abused its discretion in imposing a 54-month sentence. We disagree.

We review sentences for substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013). "In considering whether a defendant's sentence is substantively reasonable, we examine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (internal quotation marks omitted). A district court may impose a sentence outside the applicable Guidelines range "so long as it does not do so arbitrarily and capriciously." *United States v. Worku*, 800 F.3d 1195, 1208 (10th Cir. 2015). In reviewing an above-Guidelines sentence, "we 'may consider the extent of the deviation, but must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 1207 (alteration omitted) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). That we "might reasonably have

3

concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Ultimately, we will reverse a sentence as substantively unreasonable only "if, in light of the § 3553(a) factors, it 'exceeds the bounds of permissible choice, given the facts and the applicable law.'" *United States v. Lucero*, 747 F.3d 1242, 1250–51 (10th Cir. 2014) (quoting *Chavez*, 723 F.3d at 1233).

Here, we conclude the district court acted within its discretion in varying upward from the 30- to 37-month Guidelines range and imposing a 54-month sentence. The relevant § 3553(a) sentencing factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant"; and "(2) the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to afford adequate deterrence to criminal conduct[,] . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2). Contrary to Mr. Mays's assertion, the district court's balancing of these factors was not "manifestly unreasonable."

Mr. Mays first argues the district court abused its discretion in concluding that he is a dangerous person "based only on [his] conduct from ten or more years [ago]" and that this dangerousness outweighed all countervailing considerations and justified the sentence imposed. But the record belies this characterization of the district court's reasoning. For one, the district court did not conclude Mr. Mays is dangerous "based only on [his] life up to 2006." While it is true that the district court found Mr. Mays's 2006 burglary conviction to be "particularly egregious," and

4

considered his 2006 robbery conviction and juvenile history, the court also considered Mr. Mays's recent statements about having homicidal "fantasies" or "thoughts" regarding a "love rival", his "discipline[] for assaults" in prison, and indicia of his continued gang affiliation. The district court made clear that it was focusing on "a pattern [of behavior] that extends across [Mr. Mays's] life." *Cf. United States v. Naramor*, 726 F.3d 1160, 1172 (10th Cir. 2013) (affirming upward-variant sentence of statutory maximum and finding reasonable the district court's determination that defendant was dangerous based in part on his violent history, where defendant's criminal history consisted of a single assault conviction).

But more importantly, dangerousness was not the only aggravating factor the district court considered. Mr. Mays was caught with a stolen gun while driving a stolen car. He also had a more recent, 2012 felony conviction for forgery. Critically, too, he was recorded making jailhouse phone calls to his then-girlfriend in which he asked her "to find his younger brother or one of his friends, possibly a juvenile, to come to court to take responsibility for the gun . . . [and] to say that [Mr. Mays] did not know that the gun was in the car." This attempted scheme came to fruition when, during one of Mr. Mays's hearings, "a woman identifying herself as [his] wife came to court . . . and told . . . [a] District Attorney that the gun did not belong to [Mr. Mays] and instead belonged to a male who had entered the courtroom with her." The district court reasonably found this conduct to be "a particularly egregious 3553(a) factor" because "it speak[s] in the direction of obstructive conduct" and shows Mr. Mays does not "respect the law." As the district court observed, "[t]o have somebody

else obtain a conviction" is inconsistent with Mr. Mays's professed goal of being "on a law-abiding path."

We also disagree with the notion that the district court undervalued Mr. Mays's efforts to turn his life around and his history of mental-health issues. As the district court recognized, "the period of time in which we're talking about [Mr. Mays], quote/unquote, *doing well*, is like three months." But the "reality," as the court put it, is that "for eight of the last ten years [Mr. Mays] has been in some form of custody or another," largely because of repeated parole violations and his "getting arrested over and over again." All in all, "[t]here is simply a long-standing, never-ending series of problems with the law." Moreover, the district court found that Mr. Mays's sympathetic explanations for his current crime and his claims of having turned his life around were undermined by his credibility issues, an assessment with which his psychiatrist agreed. *Cf. Gall*, 552 U.S. at 51 (explaining that a district court's superior ability to "make[] credibility determinations" is one of the reasons appellate courts should accord deference to a district court's treatment of § 3553(a) factors). And the district court did accept Mr. Mays's mental-health issues as a mitigating factor; it simply found that the aggravating considerations warranted an upward departure from the Guidelines range nonetheless.

"Our role is not to second guess the district court's treatment of the § 3553(a) factors." *United States v. Vasquez-Alcarez*, 647 F.3d 973, 978 (10th Cir. 2011). The record here is replete with examples of the district court carefully balancing those factors with many different facets of Mr. Mays's history and thoughtfully considering

6

its need to achieve the purposes of sentencing. In the end, "we are not persuaded that the district court's judgment fell outside the range of rationally permissible choices before it." *United States v. Chavez-Suarez*, 597 F.3d 1137, 1139 (10th Cir. 2010) (internal quotation marks omitted). We find neither error nor abuse of discretion in the sentence imposed.

## III. CONCLUSION

The district court did not unreasonably balance the 18 U.S.C. § 3553(a) factors or otherwise abuse its discretion in sentencing Mr. Mays to 54 months in prison. We therefore AFFIRM the sentence.

Entered for the Court


Carolyn B. McHugh
Circuit Judge