FILED
United States Court of Appeals
Tenth Circuit

February 1, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE AMAYA, a/k/a Shooter, a/k/a
Lil Peewee,

    Defendant - Appellant.

No. 18-1264
(D.C. No. 1:15-CR-00242-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

While on supervised release for a federal drug crime, George Amaya

committed, and pled guilty to, federal drug and firearm offenses and was sentenced to

240 months in prison. In addition, his supervised release was revoked, resulting in a

separate 24-month sentence. The district court ordered that the 24-month sentence

run consecutively to the 240-month sentence. Mr. Amaya contends this consecutive

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Federal Rule
of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

sentence is both procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

This appeal concerns Mr. Amaya's consecutive sentence for violating the terms of his supervised release. Before describing that sentence, we describe: (1) his sentence of imprisonment and supervised release for his 2015 conviction and (2) his sentence for his 2018 convictions. Mr. Amaya's conduct leading to the 2018 convictions also led to the revocation of his supervised release for the 2015 conviction.

### 1. Sentence for the 2015 Conviction

In 2015, Mr. Amaya pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). He was sentenced to 18 months in prison, followed by three years of supervised release

### 2. Sentence for the 2018 Convictions

During his supervised release, Mr. Amaya committed drug and firearm offenses. In 2018, he pled guilty to two counts: (1) distribution and possession with intent to distribute five grams or more of methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B)(viii); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a)(i).

At the sentencing hearing, the district court explained that it had "taken . . . into account" the Guidelines and the factors in 18 U.S.C. § 3553(a). Aplee. Br. Attach. at 25. Although the court did not refer to a specific factor in 18 U.S.C.

2

§ 3553(a), it noted that Mr. Amaya had a "supportive family" but that "he look[ed] to those destructive members of his family" rather than to family members who might "keep him out of trouble." *Id.* The court also observed that Mr. Amaya committed his crimes while on supervised release, that his short sentence for his prior conviction did not deter him, and that Mr. Amaya posed "an extreme danger to the community." *Id.* at 30-31. The court sentenced Mr. Amaya to 240 months in prison—180 months on the drug count and 60 months on the firearm count, to be served consecutively. Mr. Amaya had urged a total sentence of 120 months.

3. **Sentence for Violating the Terms of Supervised Release**

Later the same day, the district court heard the Government's petition to revoke Mr. Amaya's supervised release for his 2015 conviction. Mr. Amaya admitted to three violations of the terms of his supervised release. For his sentence, he urged the court to consider his schizophrenia and bipolar disorder and the length of his sentence for the 2018 convictions. He also asked the court to consider that he paid his monetary obligations to the court while on supervised release and "temporarily [held] employment." ROA, Vol. III at 55.

The Guidelines called for a sentencing range of 30 to 37 months for Mr. Amaya's criminal history category and supervised release violation grade. *See* U.S.S.G. § 7B1.4(a) (2016) But 18 U.S.C. § 3583(e)(3) sets a maximum term of incarceration of 24 months based on the offense classification of Mr. Amaya's 2015 conviction. When this statutory maximum is lower than what the Guidelines would otherwise advise, U.S.S.G. § 7B1.4(b)(1) substitutes the statutory maximum for the

applicable range. Mr. Amaya did not dispute these sentencing standards. He requested that his sentence for violating the terms of his supervised release be concurrent with his sentence for the 2018 convictions. The Government took no position on whether the sentence for the supervised release violations should be concurrent or consecutive with the sentence for the 2018 convictions.[1]

At the revocation hearing, the district court explained that a consecutive sentence for Mr. Amaya's violations of his supervised release conditions was necessary to provide both specific and general deterrence:

> Here this sentence has got to be consecutive. I mean you know, it's extremely aggravated that Mr. Amaya after having been sentenced to prison just immediately goes right back to dealing drugs while on supervised release. And so I actually do think that a sentence of two years consecutive would be a specific deterrent to Mr. Amaya. Hopefully, he would remember that because of his extremely unwise decision to blatantly violate the terms and conditions of supervised release when he got out last time that he won't make the same mistake again, a two-year mistake.

> But also it's important for general deterrence purposes because if people can commit that type of a blatant violation of supervised release and have the sentence just run concurrently, in other words, have no effect on the sentence whatsoever, what incentive does someone who is similarly situated have to follow the terms and conditions of supervised release if someone like Mr. Amaya can get off essentially scot-free? Admittedly, he's doing a long, long sentence. I just don't think it would be appropriate to give him anything other than a consecutive sentence.

---

[1] In the plea agreement for the 2018 convictions, the Government stated "that it would not seek a consecutive sentence of imprisonment" for the revocation of Mr. Amaya's supervised release. Aplt. Br. Ex. B at 2.

ROA, Vol. III at 60. The court asked whether Mr. Amaya had received treatment from "the Bureau of Prisons in terms of mental health issues or specifically schizophrenia." *Id.* at 53. The court further asked what medications had been prescribed to Mr. Amaya, whether Mr. Amaya had consistent access to his medications, and what they were prescribed to treat. The court sentenced him to 24 months in prison, to run consecutively with his sentence for the 2018 convictions.

Mr. Amaya appealed his sentence for the 2018 convictions. *See United States v. Amaya*, 743 F. App'x 259 (10th Cir. 2018). We dismissed that appeal, noting that Mr. Amaya had waived his appeal right in his plea agreement. *Id.* at 259-60. He brought this separate appeal to challenge his sentence for violation of his supervised release conditions. He does not challenge the imposition of the 24-month sentence, but he does challenge the district court's decision it to run it consecutively to his sentence for his 2018 convictions, thereby lengthening his overall sentence.

## II. DISCUSSION

### A. *Standard of Review*

We review the district court's sentence for a violation of supervised release for reasonableness under an abuse of discretion standard. *See United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "To say that the district court acted reasonably—either procedurally or substantively—is to say that it did not abuse its discretion." *Id.*; *see also Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard."). We will reverse a sentence determination only if the district court

5

"exceeded the bounds of permissible choice." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted).

## B. *Legal Background*

### 1. **District Court Sentencing**

"If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." *Id.* § 3584(b); *see also United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006).

When a court revokes a term of supervised release, 18 U.S.C. § 3583(e) directs it to consider certain of the § 3553(a) factors in determining the sentence. The first five are most relevant here:

> (1) "[T]he nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);
>
> (2) The need for the sentence imposed "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B);
>
> (3) The need for the sentence imposed "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C);
>
> (4) The need for the sentence imposed "to provide the defendant with needed educational or vocational training,

6

medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D); and

(5) The Guidelines sentencing ranges and policy statements, *id.* § 3553(a)(4)-(5).[2]

The Guidelines contain a policy statement on consecutive sentencing for violation of terms of supervised release:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).[3] Although the Guidelines are merely advisory, "the defendant bears the burden to demonstrate that the [d]istrict [c]ourt should exercise its discretion to impose concurrent sentences in spite of" § 7B1.3(f). *Rodriguez-Quintanilla*, 442 F.3d at 1256.

2. **Appellate Review**

A defendant may challenge a sentence on procedural and substantive grounds. *See Gall*, 552 U.S. at 51. As explained below, we consider only Mr. Amaya's substantive challenge.

---

[2] The remaining two factors are: (1) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and (2) "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7).

[3] "Like the post-*Booker* Guidelines, policy statements regarding supervised release are advisory in nature." *Rodriguez-Quintanilla*, 442 F.3d at 1256.

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (quotations omitted); *see also Gall*, 552 U.S. at 51. In considering a sentence's substantive reasonableness, "[o]ur role is not to second guess the district court's treatment of the § 3553(a) factors. 'The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.'" *United States v. Vasquez-Alcarez*, 647 F.3d 973, 978 (10th Cir. 2011) (quoting *Gall*, 552 U.S. at 51). Accordingly, we defer to the sentencing court's weighing of the § 3553(a) factors. *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

## C. *Analysis*

Mr. Amaya contends the district court committed procedural error by failing to consider any § 3553(a) factor other than the need to provide deterrence and by ignoring his personal characteristics and need for medical care. We conclude Mr. Amaya has waived this argument.

Before sentencing Mr. Amaya, the district court did not explicitly refer to § 3553(a) factors when it imposed the sentence.[4] Mr. Amaya did not object and therefore forfeited the procedural reasonableness issue. On appeal, Mr. Amaya fails

---

[4] As described above, the district court referred to some of the factors implicitly. It discussed the need to provide specific and general deterrence and pointed to Mr. Amaya's sentence for the 2015 conviction as failing to deter him from criminal conduct while on supervised release. The court also inquired about Mr. Amaya's mental health and the treatment he had received.

8

to argue plain error.  "Failure to argue plain error on appeal waives the argument." *United States v. Roach*, 896 F.3d 1185, 1192 (10th Cir. 2018), *cert. denied*, No. 18-6804, 2019 WL 113454 (Jan. 7, 2019); *see also United States v. Fisher*, 805 F.3d 982, 992 (10th Cir. 2015).

Mr. Amaya's consecutive sentence was not substantively unreasonable.  The district court followed the Guidelines policy statement that sentences for violations of supervised release conditions shall be consecutive to a defendant's other sentences.  Mr. Amaya argues that his sentence on the 2018 convictions was long and that his sentence for violating the terms of his supervised release, accordingly, should have run concurrently to shorten his overall sentence.  His argument fails to persuade us that, in following the Guidelines policy statement and seeking to provide both specific and general deterrence, the district court exceeded the bounds of permissible choice and abused its discretion.

## III.  CONCLUSION

Applying the abuse of discretion standard of review, we conclude that Mr. Amaya's consecutive sentence for his violations of supervised release was substantively reasonable, and we affirm the district court's judgment.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

9