FILED
United States Court of Appeals
Tenth Circuit

March 1, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MOISES NATANAEL SOTO-CRUZ,

    Defendant - Appellant.

Nos. 18-2034 & 18-2035
(D.C. Nos. 2:13-CR-02537-RB-1 &
2:16-CR-04079-RB-1)
(D. N.M.)

_____

**ORDER**
_____

Before **MATHESON**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

These matters are before the court to correct a clerical error in the Order &

Judgment filed on February 20, 2019. Due to a clerical error, the decision caption only

included appeal number 18-2034. The decision applies and should be filed, however, in

both numbers 18-2034 and 18-2035. Therefore, the Clerk is directed to refile the Order &

Judgment, with the proper appeal numbers, *nunc pro tunc* to the original filing date of

February 20, 2019.


Entered for the Court


ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

February 20, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MOISES NATANAEL SOTO-CRUZ,

    Defendant - Appellant.

Nos. 18-2034 & 18-2035
(D.C. Nos. 2:13-CR-02537-RB-1 &
1:16-CR-04079-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

Moises Natanael Soto-Cruz appeals his concurrent 70-month sentence for drug

and illegal reentry convictions and violation of the terms of his supervised release

from previous convictions.  Mr. Soto[1] contends the sentence—which is within the

U.S. Sentencing Guidelines range—is substantively unreasonable.  He argues the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.

[1] We refer to the surname Mr. Soto uses in his brief.

district court did not give sufficient weight to his medical condition. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

Mr. Soto was indicted on three counts: (1) conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846; (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and (3) and reentry into the United States after being "denied admission, excluded, deported, or removed," in violation of 8 U.S.C. § 1326(a) and (b). The Government also sought revocation of Mr. Soto's supervised release arising from previous violations of 21 U.S.C. § 841(a)(1) and 8 U.S.C. § 1362(a)(1) and (2). Mr. Soto pled guilty to Counts 2 and 3, and the government moved to dismiss Count 1. Mr. Soto also admitted to violating the conditions of his supervised release.

Before sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated an offense level of 20 and a criminal history category of VI, leading to an advisory Guidelines range of 70 to 87 months.[2]

At his sentencing hearing, Mr. Soto urged the court to consider his medical condition. Through counsel, Mr. Soto explained he suffered from a rare tumor in his groin. During his pre-sentence detention, doctors removed one testicle to treat the tumor. The surgery and difficulties in managing his care in prison caused stress.

---

[2] Mr. Soto filed five objections to the PSR. The court overruled each, and Mr. Soto does not appeal these rulings.

Mr. Soto also stated that a doctor in Mexico told him that treatment of his condition would be expensive. Mr. Soto implied that he trafficked drugs to obtain money to pay for treatment. He requested either a variance or a downward departure from the Guidelines range.[3]

The Government reported that over a 12-year period, Mr. Soto had been apprehended four times carrying marijuana across the border. It pointed to Mr. Soto's prior sentences—including an 18-month suspended sentence in 2009, a 46-month sentence in 2009, and a 37-month sentence in 2013.[4] The prosecutor said that "[o]ther than a total of six months' release, [Mr. Soto] has been incarcerated in American jails since October 2009 for backpacking marijuana. Other than six months, he's been in prison for eight years for doing this repeatedly, but those sentences have not deterred him." ROA, Vol. IV at 33.

The district court remarked on Mr. Soto's medical condition: "I think that we can all agree that Mr. Soto ought to be housed at a medical facility that can immediately and responsibly treat this very serious medical condition." *Id.* at 39. The court then said that the sentence it was about to impose was "driven not by [Mr. Soto's] physical condition, but by [his] criminal history that predates that . . . medical

---

[3] A departure is based on application of Chapters Four or Five of the Guidelines. A variance is based on application of the factors in 18 U.S.C. § 3553(a). *United States v. McComb*, 519 F.3d 1049, 1051 n.1 (10th Cir. 2007). On appeal, Mr. Soto urges only a variance. *See* Aplt. Br. at 6 (referring to "statutory sentencing factors").

[4] The Government did not mention Mr. Soto's first 180-day sentence for carrying drugs across the border in 2006.

condition.  And it's a sad thing that the medical condition has to come on the heels of all of that criminal history, but it does." *Id.*  The court said that "the punishment has to reflect [Mr. Soto's] history of repeat behavior that has not been deterred by the sentence[s] that we've tried up till now." *Id.* at 40.

The district court imposed a sentence of 60 months on Count 2 and 70 months on Count 3.  It also sentenced Mr. Soto to 24 months for violating the conditions of supervised release from his prior sentence.  All three sentences were to run concurrently.  The court recommended that the Bureau of Prisons incarcerate Mr. Soto at a Federal Medical Center.  Mr. Soto timely appealed.

## II.  DISCUSSION

### A. *Standard of Review*

"[C]ourts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), including review for substantive reasonableness, *United States v. Vasquez-Alcarez*, 647 F.3d 973, 976 (10th Cir. 2011).  We will reverse for substantive unreasonableness only if the district court "exceeded the bounds of permissible choice." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted).

## B. *Legal Background*

### 1. **District Court Sentencing**

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49. But the parties may argue for "whatever sentence they deem appropriate." *Id.* And "the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50. "In so doing," the district court "may not presume that the Guidelines range is reasonable." *Id.* at 50. Rather, it "must make an individualized assessment based on the facts presented." *Id.* Finally, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

Section 3553(a) lists seven factors. The first two are most relevant to this case:[5]

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;

---

[5] The other factors are the sentences that are legally available, the Sentencing Guidelines, the Sentencing Commission's policy statements, the need to avoid unwarranted sentence disparities, and the need for restitution. *See* 18 U.S.C. § 3553(a)(3)-(7); *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018).

> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(1)-(2). The factors "do not necessarily bear equal weight, and the district court b[ears] the delicate task of balancing these factors." *United States v. Walker*, 844 F.3d 1253, 1259 (10th Cir. 2017).

2. **Appellate Review for Substantive Reasonableness**

A defendant may challenge a sentence on procedural and substantive unreasonableness grounds. *See Gall*, 552 U.S. at 49. Mr. Soto challenges only the substantive unreasonableness of his sentence. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015); *see also Gall*, 552 U.S. at 51.

"The Supreme Court 'permit[s] courts of appeals to adopt a presumption of reasonableness' when the district court sentenced a defendant within the Guidelines range." *Vasquez-Alcarez*, 647 F.3d at 977 (quoting *Rita v. United States*, 551 U.S. 338, 354 (2007)); *see also Rita,* 551 U.S. at 341. In this circumstance, "*both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Rita*, 551 U.S. at 347. We may apply this presumption even when the defendant argues his physical condition warrants a variance. *See id.* at 345.

6

"Our role is not to second guess the district court's treatment of the § 3553(a) factors. 'The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.'" *Vasquez-Alcarez*, 647 F.3d at 978 (quoting *Gall*, 552 U.S. at 51). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008). Indeed, we reverse the district court's sentence as unreasonable only if the court was "arbitrary, capricious, whimsical, or manifestly unreasonable when it weighed the permissible § 3553(a) factors." *Craig*, 808 F.3d at 1263 (quotations omitted).

## C. *Analysis*

Mr. Soto challenges the substantive reasonableness of his 70-month sentence. His arguments cannot rebut the presumptive reasonableness of his within-Guidelines-range sentence. *See Sells*, 541 F.3d at 1237. His sole argument is that the district judge did not give sufficient weight to his medical condition under the first § 3553(a) factor.

Mr. Soto must demonstrate that his sentence was unreasonably long "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Craig*, 808 F.3d at 1261. The district court considered his medical condition along with other factors, including the need to "afford adequate deterrence to criminal

7

conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

We have denied a request "simply to look with more favor on the facts surrounding [a defendant's] medical condition than the district court did." *McComb*, 519 F.3d at 1057 (referring to a stroke, the severity of which the district court doubted); *see also Rita*, 551 U.S. at 359-60 (affirming a sentence despite the defendant's health condition). A district court acts within its discretion in failing to grant a variance to a defendant who "[d]espite increasingly severe sentences . . . for . . . successive convictions, . . . continued to engage in the distribution of controlled substances." *Sells*, 541 F.3d at 1238.

Mr. Soto was sentenced to a suspended 18-month sentence in 2009, six months in 2009, and 46 months in 2013—all for backpacking drugs from Mexico into the United States. The district court considered this history alongside Mr. Soto's medical condition. It commented on his medical condition and recommended that Mr. Soto be incarcerated at a Federal Medical Center, explicitly taking his "health into account by seeking assurance that the Bureau of Prisons will provide appropriate treatment." *See Rita*, 551 U.S. at 360. The court did not "exceed[] the bounds of permissible choice," *McComb*, 519 F.3d at 1053, when it sentenced Mr. Soto within the Guidelines range.

## III.  CONCLUSION

The district court did not abuse its discretion in weighing Mr. Soto's criminal history—which concerns the need to provide deterrence and protect the public—

8

relative to his medical condition in sentencing him to 70 months in prison.  We

uphold the sentence and affirm the district court's judgment.

Entered for the Court


SCOTT MATHESON, JR.
Circuit Judge